**Kimberly HAWKINS, M.D., Appellant**

v.

**Alberto and Amy HERRERA, as next friends of Tiana Herrera, a Minor, Appellees.**

**No. 14–09–00142–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 22, 2009.

---

Elizabeth A. Kaufman, Houston, TX, Diana L. Faust, Dallas, TX, for appellants.

Jacquelyn C. Gregan, Joshua Paul Davis, Houston, TX, for appellees.

Panel consists of Chief Justice HEDGES, and Justices SEYMORE and SULLIVAN.

## OPINION

KENT C. SULLIVAN, Justice.

Appellant, Kimberly Hawkins, M.D., the defendant in a medical-malpractice lawsuit, was served with four expert reports critical of her medical care of Amy Herrera and Tiana Herrera. *See* Tex. Civ. Prac. & Rem.Code Ann. § 74.351(a) (Vernon 2005 & Supp.2008). In this interlocutory appeal, Hawkins contends the trial court abused its discretion by denying her motion to dismiss the suit. *See id.* § 51.014(a)(9) (Vernon 2008). Here, she argues that, notwithstanding the four expert reports, dismissal was mandatory because (1) the latter two reports were not timely served, and (2) the first two reports, while timely served, are not sufficient under the statute. *See id.* § 74.351(*l*). However, although Hawkins objected to the adequacy of the two timely-served re-

ports, she did not ask the trial court to rule on those objections. Thus, she has not preserved that complaint for appeal and therefore cannot demonstrate an abuse of discretion by the trial court. Accordingly, we affirm the trial court's judgment.

## BACKGROUND

On January 6, 2006, the Herreras filed the first of two health-care liability claims (the "2006 suit") against Hawkins, alleging negligence in connection with the birth of their daughter. Within the first 120 days after filing suit, the Herreras served upon Hawkins two expert reports, both authored by Donald J. Coney, M.D., that criticized Hawkins's medical care. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01 sec. 74.351(a), 2003 Tex. Gen. Laws 847, 875 (amended 2005) (current version at Tex. Civ. Prac. & Rem.Code Ann. § 74.351(a) (Vernon Supp. 2008)).[1] Hawkins timely filed objections to the sufficiency of both reports, but she did not move to dismiss the 2006 suit and did not present those objections to the trial court for ruling. *See* Tex. Civ. Prac. & Rem.Code Ann. § 74.351(a), (b), (*l*); Tex.R.App. P. 33.1(a).

For reasons not relevant to this appeal, the Herreras non-suited their 2006 suit against Hawkins in June 2008. At that time, Hawkins still had not asked the trial court to rule on her objections to Coney's expert reports. A month later, the Herreras re-filed their lawsuit (the "2008 suit") against Hawkins, raising the same allegations as before. In November 2008, they served two more expert reports on Hawkins, including a third report from Dr.

Coney and an additional report from John Seals, M.D. Thus, the Herreras have served four expert reports on Hawkins: two during the 2006 suit, and two more in the 2008 suit raising the same allegations.

Hawkins moved to dismiss the 2008 suit, contending the two reports served in November 2008 were untimely because the Herreras' expert-report deadline expired 120 days after the filing of the first suit in 2006. The Herreras filed a written response, to which they attached the 2006 reports, and argued that, even assuming the truth of Hawkins's argument, they still complied with the expert-report requirement by timely serving the first two reports. Once again, Hawkins did not ask the trial court to rule on her earlier objections to the adequacy of the 2006 reports. Instead, she argued, "the sufficiency of these [2006] expert reports was timely objected to by Defendant Hawkins in the previous suit and Plaintiff's [sic] nonsuit prohibits Defendant's ability to have this Court hear the sufficiency of the 2006 expert reports."

At the hearing, Hawkins explicitly challenged the sufficiency of the 2008 reports, but not the 2006 reports. After she conceded the first two reports had been timely served, the trial court stated:

> But I'm going to overrule the objection on the timing. It appears that the expert report was timely filed and giving [sic] the provider notice of the claim when the suit was originally filed. Because that sort of cuts both ways, just as if it hadn't been they wouldn't get a new

1. In 2005, the Legislature changed some of the wording of section 74.351(a) to clarify the starting date for a claimant's 120–day period in which to serve expert reports, at least as to causes of action accruing after September 1, 2005. *See* Act of May 18, 2005, 79th Leg., R.S., ch. 635, 2005 Tex. Gen. Laws 1590, 1590. The Herreras' claims, which accrued before the amendment's effective date, are still governed by the prior version of section 74.351(a). *See id.* §§ 2, 3. In any event, the amendment is not germane to the parties' dispute here, as Hawkins concedes Dr. Coney's first two reports were timely served.

120 days, but they did file the report and I'm going to find it was filed timely.

That day, the trial court signed an order denying Hawkins's motion to dismiss without specifying the basis for its ruling. This interlocutory appeal followed. In one issue, Hawkins contends the trial court abused its discretion by denying her motion to dismiss, arguing (1) the 2008 reports were not timely served and could not be considered, and (2) none of the four tendered reports are sufficient to satisfy the statutory requirements for an expert report.

### ANALYSIS

#### A. Standard of Review

A medical-malpractice plaintiff must, within the first 120 days of suit, serve on the defendant or her attorney one or more "expert reports" that set forth (1) the applicable standard of care, (2) the manner in which the defendant's care failed to satisfy that standard, and (3) the causal relationship between the defendant's failure and the injury or damages claimed. *See* Tex. Civ. Prac. & Rem.Code Ann. § 74.351(a), (r)(6). Generally, if the plaintiff fails to timely serve an expert report within the statutory deadline, the trial court must dismiss the lawsuit with prejudice. *See id.* § 74.351(b). By contrast, if the plaintiff has timely served a report on the defendant, the trial court cannot dismiss the lawsuit unless the proffered report does not represent an objective good-faith effort to comply with the statutory requirements for such a report. *See id.* § 74.351(l).

■ We review the trial court's denial of a motion to dismiss under section 74.351 for an abuse of discretion. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 878 (Tex.2001); *Baylor Coll. of Med. v. Pokluda,* 283 S.W.3d 110, 116 (Tex.App.-Houston [14th Dist.] 2009,

no pet.). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner or without reference to any guiding rules or principles. *Bowie Mem'l Hosp. v. Wright,* 79 S.W.3d 48, 52 (Tex. 2002).

#### B. Application to Facts

■ Initially, Hawkins contends the trial court could not consider the two reports served in November 2008 because they were not timely served. She notes the original expert-report deadline expired in May 2006, that is, 120 days after the *first* suit was filed, and argues this deadline could not be restarted simply by non-suiting the 2006 suit and re-filing the same claim in 2008.

At first blush, this case appears to resemble *Mokkala v. Mead,* in which a panel majority of this court held that the plaintiffs' 120-day period ran from the inception of their first lawsuit against the same health-care provider. 178 S.W.3d 66, 71 (Tex.App.-Houston [14th Dist.] 2005, pet. denied). Thus, in *Mokkala,* the majority specifically rejected the plaintiffs' claim that they could somehow revive an expired expert-report deadline through a new suit raising the same claims: "Allowing a plaintiff to restart the period for serving an expert report by simply nonsuiting her health care liability claim and refiling that same claim, could effectively expand the 120-day period to well over two years." *Id.* at 76.

However, this case is distinct from *Mokkala* because, by the time the Herreras non-suited their 2006 claim, they had *already* attempted to comply with section 74.351(a) by serving two expert reports within the 120-day deadline. *Cf. id.* (addressing case in which no reports were served within 120 days of the filing of first lawsuit). Therefore, this case does not fit within the category of cases encompassed

by section 74.351(b), which mandates dismissal when *no* report has been timely served. *See* Tex. Civ. Prac. & Rem.Code Ann. § 74.351(b).

■ Instead, to secure a dismissal of the Herreras' lawsuit, Hawkins was required to demonstrate, through a motion challenging the adequacy of the two timely-served reports, that neither report represented a good-faith effort to satisfy the statutory requirements for an expert report. *See id.* § 74.351(*l*). That scenario has not come to pass, because Hawkins has never asked the trial court to decide the adequacy of the 2006 reports.

In an attempt to overcome that procedural hurdle, Hawkins insists the burden of securing a ruling on the adequacy of the 2006 reports somehow belongs to the *Herreras*, not her. As she argues in her brief, the Herreras "failed to obtain a ruling from the trial court that their 2006 Expert Reports were sufficient ... and cannot now rely on the 2006 Expert Reports in the 2008 Lawsuit without such determination."

■ Hawkins cites no authority, nor have we found any, supporting the unusual claim that the burden of securing a ruling on an objection rests on the *non*-objecting party. Simply put, that misplaces the responsibility. The burden explicitly falls on the *objecting* party, *see* Tex.R.App. P. 33.1(a), and section 74.351(*l*) is no exception to that rule. It states, "A court shall grant a motion *challenging* the adequacy of an expert report *only if* it appears to the court, after hearing, that the report does *not* represent an objective good faith effort to comply with the definition of an expert report in Subsection (r)(6)." Tex. Civ. Prac. & Rem.Code Ann. § 74.351(*l*)

(emphasis added). Thus, in the context of challenges to the adequacy of an expert report, this section naturally places the burden on the objecting party, here, Hawkins, to secure a ruling. *See id.*

Hawkins has neither presented her objections to the adequacy of the 2006 reports to the trial court, nor obtained a ruling on those complaints. Therefore, we decline to address those objections for the first time on appeal. *See* Tex.R.App. P. 33.1(a); *Galtex Prop. Investors, Inc. v. City of Galveston,* 113 S.W.3d 922, 926 (Tex.App.-Houston [14th Dist.] 2003, no pet.).

Because Hawkins did not ask the trial court to find the timely-served reports inadequate under Section 74.351(*l*), she has not demonstrated that the trial court abused its discretion by denying her motion to dismiss the Herreras' lawsuit. *See* Tex. Civ. Prac. & Rem.Code Ann. § 74.351(*l*). Therefore, we overrule appellant's only issue and affirm the trial court's judgment.[2]

## CONCLUSION

Finding no merit in the issue presented, we affirm the trial court's judgment.

---

**2.** Because we affirm the judgment due to Hawkins's failure to preserve her objections to the timely-served 2006 reports, we need not address her complaints about the timeliness and adequacy of the 2008 reports. *See* Tex.R.App. P. 47.1.