**Affirmed and Opinion filed November 3, 2011.**



In The

# Fourteenth Court of Appeals

### NO. 14-11-00340-CV

**THE UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT HOUSTON,**
**Appellant**

**V.**

**JERRY CHEATHAM, Appellee**

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-20312**

## OPINION

The University of Texas Health Science Center at Houston (UTHSCH) appeals from the trial court's order denying its motion to dismiss under section 74.351 of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351 (Vernon 2011). We affirm.

### BACKGROUND

The relevant facts are undisputed for purposes of this appeal. Jerry Cheatham filed a health care liability claim against two doctors and Memorial Hermann Hospital on March 30, 2010. The doctors moved for dismissal under section 101.106(f) of the Civil

Practice and Remedies Code, asserting that (1) they were sued for conduct within the general scope of their employment as employees of UTHSCH; and (2) the suit could have been brought against UTHSCH, a governmental unit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f) (Vernon 2011). The trial court granted the motion on July 30, 2010 and dismissed the doctors from the suit. The trial court's order allowed Cheatham to add UTHSCH as a defendant by August 7, 2010. The trial court's order also allowed Cheatham to serve his expert report on UTHSCH within 120 days from the date on which he added UTHSCH as a defendant. Cheatham filed an amended petition on August 5 adding UTHSCH as a defendant; he served UTHSCH with an expert report 120 days later on December 3, 2010. Thus, Cheatham served the report more than 120 days after he initially sued the doctors on March 30, 2010, but within 120 days after he sued UTHSCH on August 5, 2010.

UTHSCH filed a motion to dismiss under section 74.351, claiming that Cheatham failed to timely serve his expert report. The trial court denied the motion, and UTHSCH appealed.

### STANDARD OF REVIEW

We review a trial court's denial of a motion to dismiss under section 74.351 for an abuse of discretion. *Hawkins v. Herrera*, 296 S.W.3d 366, 369 (Tex. App.—Houston [14th Dist.] 2009, no pet.). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner or without reference to any guiding rules or principles. *Id.* We defer to a trial court's factual determinations, but we review questions of law such as statutory interpretation de novo. *Davis v. Webb*, 246 S.W.3d 768, 772 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

### ANALYSIS

In its sole issue on appeal, UTHSCH contends that the trial court erred by denying its motion to dismiss under section 74.351 because Cheatham served his expert report on

UTHSCH more than 120 days after he initially sued the two UTHSCH-employed doctors who treated him and who were dismissed under section 101.106(f).

This case involves the interaction between sections 74.351 and 101.106 of the Civil Practice and Remedies Code. Section 74.351(a) requires a health care liability claimant to serve on each party or party's attorney an expert report within 120 days after filing the petition. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a); *Kingwood Specialty Hosp., Ltd. v. Barley*, 328 S.W.3d 611, 613 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Section 74.351(b) states:

> If, as to a defendant physician or health care provider, an expert report has not been served within the period specified by Subsection (a), the court, on the motion of the affected physician or health care provider, shall . . . dismiss[] the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b). In a context not involving a government-employed doctor, we held that the time period for serving an expert report begins to run on the date of filing of the first petition naming the specific physician or health care provider moving for dismissal under section 74.351(b). *See Kingwood Specialty Hosp.*, 328 S.W.3d at 613–14.

Section 101.106(f) provides that when a government employee is sued in tort for conduct within the general scope of employment — as the doctors were in this case — then "'the suit is considered to be against the employee in the employee's official capacity only.'" *Univ. of Tex. Health Sci. Ctr. at San Antonio v. Bailey*, 332 S.W.3d 395, 401 (Tex. 2011) (quoting Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f)). Under section 101.106(f), "[T]he plaintiff can be compelled to switch targets from the governmental employee to the governmental employer." *Hintz v. Lally*, 305 S.W.3d 761, 769 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). We must determine how chapter 74's expert report deadlines operate when health care liability defendants are switched under section 101.106(f).

3

UTHSCH contends that section 74.351's 120-day deadline for serving an expert report began to run on the date Cheatham initially sued the doctors because the doctors were sued in their official capacities. In making this argument, UTHSCH relies on *Bailey*, 332 S.W.3d at 401.

The plaintiffs in *Bailey* sued a doctor who was a government employee and substituted the governmental unit as a defendant under section 101.106(f). *Id.* at 397–98. The governmental unit argued that the statute of limitations barred the plaintiffs' suit because the governmental unit was not substituted under section 101.106(f) until after the limitations period had run. *See id.* at 396, 399. *Bailey* held that the suit against the governmental unit was not barred because the plaintiffs initially sued the doctor within the limitations period: "Under section 101.106(f), the [plaintiffs'] suit against [the doctor] was, in all respects other than name, a suit against the [governmental unit]." *Id.* at 401–02. UTHSCH analogizes to this holding in the limitations context by arguing that the 120-day expert report deadline began running as to UTHSCH when Cheatham initially sued the doctors because the suit against the doctors was a suit against UTHSCH.

*Bailey* addressed only limitations; it did not address the interaction between sections 101.106(f) and 74.351. The First Court of Appeals addressed this interaction in *Univ. of Tex. Health Sci. Ctr. at Houston v. Gutierrez*, 237 S.W.3d 869 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).

In *Gutierrez*, the plaintiffs sued a UTHSCH doctor and timely served an expert report on the doctor under section 74.351; the plaintiffs later substituted UTHSCH for the doctor under section 101.106(f). *Id.* at 870. UTHSCH moved for dismissal under section 74.351(b) after 120 days passed from the date on which UTHSCH was named as a defendant. *Id.* UTHSCH contended that the plaintiffs were required to serve UTHSCH separately with an expert report, and that service of a report on the doctor did not constitute service on UTHSCH. *See id.* The plaintiffs argued that service on the doctor was tantamount to service on UTHSCH "because UTHSCH is limited to vicarious

4

liability for the actions of its employee, there is only one 'claim,' and, therefore, only one act of service of the expert report was required." *Id.* at 874.

The trial court denied the motion. The First Court of Appeals reversed, accepting UTHSCH's argument that UTHSCH was a separate "health care provider" under section 74.351 and was entitled to separate service of an expert report. *Id.* The First Court of Appeals reasoned that "the employee and the health-care provider are treated as separate defendants" under chapter 74 and section 101.106. *Id.* Therefore, "[T]he applicable time period [for serving an expert report] began with regard to UTHSCH when appellees first filed claims against UTHSCH." *Id.*[1]

We agree with the reasoning in *Gutierrez,* which comports with this court's holding in a non-governmental context in *Kingwood Specialty Hospital*, 328 S.W.3d at 613–14. *Bailey* does not address chapter 74, and the opinion provides no basis for extrapolating the Texas Supreme Court's reasoning beyond the specific limitations issue decided in that case. *See Bailey*, 332 S.W.3d at 401–02. Furthermore, a conclusion that the 120-day deadline started anew after UTHSCH was substituted comports with the position UTHSCH espoused in *Gutierrez*. *See Gutierrez*, 237 S.W.3d at 873–74.

Accordingly, we hold that the 120-day time period for serving an expert report on a governmental unit substituted for an employee under section 101.106(f) begins on the date that the plaintiff files a petition naming the governmental unit as a defendant. *See*

---

[1] The version of section 74.351(a) applied in *Gutierrez* required the expert report to be served not later than 120 days after the date on which the "claim" was filed. *Gutierrez*, 237 S.W.3d at 871. The current version of the statute, which applies in this case, requires service of the report not later than 120 days after the date on which the "original petition" was filed. *See* Act of May 18, 2005, 79th Leg. R.S., ch. 635, 2005 Tex. Gen. Laws 1590, 1590. Although *Gutierrez* applied the earlier version of the statute, the court explained that its "analysis is not affected by which version we apply." 237 S.W.3d at 871. Likewise, the Legislature's reasoning for the amendment does not affect our analysis in this case. *See Leland v. Brandal*, 257 S.W.3d 204, 207 (Tex. 2008) (both versions of the statute require serving the expert report "within 120 days of filing suit;" stating,"[W]e see nothing in the slight change in the statute's language to indicate that a different meaning was intended."); *Kingwood Specialty Hosp.*, 328 S.W.3d at 614 (amendment clarified that report is due 120 days from the date a lawsuit is filed, rather than 120 days from the date of the statutory pre-suit notice letter; interpreting "original petition" to mean the cause of action naming a particular defendant).

*Kingwood Specialty Hosp.*, 328 S.W.3d at 613–14; *Gutierrez*, 237 S.W.3d at 873–74. The trial court correctly denied UTHSCH's motion to dismiss.

CONCLUSION

We overrule UTHSCH's sole issue on appeal and affirm the trial court's order denying dismissal.[2]

/s/     William J. Boyce
            Justice

Panel consists of Justices Anderson, Boyce, and Christopher.

---

[2] Because we overrule UTHSCH's sole issue on appeal, we decline to address Cheatham's argument that UTHSCH waived all objections to the expert report. *See* Tex. R. App. P. 47.1.