

NUMBER 13-12-00219-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

ANGELA YOUNG,                                                          Appellant,

v.

MEDICAL IMAGING DIAGNOSTIC ASSOCIATES,
INC., BEEVILLE MEDICAL IMAGING, AND
KINGSVILLE MEDICAL IMAGING,                                            Appellees.

On appeal from the 214th District Court
of Nueces County, Texas.

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Benavides and Perkes
Memorandum Opinion by Chief Justice Valdez

Appellant, Angela Young, appeals from the trial court's dismissal of her health

care liability claim against appellees, Medical Imaging Diagnostic Associates, Inc.,

Beeville Medical Imaging, and Kingsville Medical Imaging (collectively "MIDA") and from

the trial court's award of attorney's fees.   By three issues, Young contends that:  (1) the

trial court improperly granted the dismissal; (2) MIDA submitted legally insufficient evidence to support the trial court's award of attorney fees; and (3) if her expert report is deficient, we should grant a thirty-day extension for her to cure the deficiencies. We affirm in part, reverse and render in part, and reverse and remand in part.

## I. BACKGROUND

As part of cancer treatment, Nabil El-Milady, M.D. performed a radical hysterectomy on Young at Christus Spohn Hospital Memorial on November 4, 2008. Young experienced abdominal pain and nausea after the surgery, and on December 16, 2008, she went to the emergency room at Christus Spohn Hospital Shoreline where she was examined by James Frame, M.D. Dr. Frame ordered an x-ray of Young's kidneys, ureters, and bladder (the "KUB"). Jeffrey Bikle, M.D. reviewed the KUB. Dr. Bikle did not observe any anomalies in the KUB, and Young was released from the hospital. Three days later, as part of her ongoing cancer treatment, Young received a CT scan showing fluid in her pelvis. On December 22, 2008, Young went to the hospital again complaining of persistent abdominal pain. Eventually, it was discovered that Young had a ureteral injury, and she remained in the hospital until January 14, 2009.

On January 14, 2011, Young filed suit against several of the healthcare providers that she claimed failed to diagnose the ureteral injury, including Dr. Bikle and MIDA. In her petition, Young claimed the following:

> 12.04 Defendant, [MIDA], by and through their actual and ostensible agent(s), employee(s), vice principal(s), and/or borrowed servant(s), failed to use the ordinary care and diligence that reasonable and prudent health care providers would have employed under the same or similar circumstances and negligently and proximately caused the injury to [Young] as set forth below by, among other acts and omissions, the following:

2

a.    causing injury to [Young];

b.    failing to assess the competence of medical staff, including but not limited to physicians such as Defendant BIKLE;

c.    failing to develop, employ and monitor policies and procedures for the care and treatment of patients;

d.    failing to care and treat [Young];

e.    failing to recognize the risk factors apparent in [Young] prior to discharging her from Defendant CHRISTUS SHORELINE emergency room;

f.    failing to properly review, interpret, diagnose and treat [Young's] radiologic findings[;]

g.    causing delay in the treatment of [Young], resulting in permanent and significant kidney damage.

12.05 Furthermore, [MIDA is] vicariously liable and/or liable through respondent superior by and through its actual and ostensible agent(s), employee(s), vice principal(s), borrowed servant(s), and/or managing and/or limited partner(s) including, but not limited to [Dr. Bikle], who failed to use the ordinary care and diligence that reasonable and prudent physicians would have employed under the same or similar circumstances and negligently and proximately caused the injury to [Young] as set forth herein.

On May 16, 2011, Young filed and served the expert report and curriculum vitae of Michael Hall, M.D. on MIDA. In his report, Dr. Hall did not mention MIDA. He did, however, offer his opinion regarding Dr. Bikle's conduct regarding the KUB.

On May 20, 2011, MIDA filed a motion to dismiss, alleging that Young had failed to file an expert report as to it. On August 4, 2011, the trial court held a hearing on MIDA's motion to dismiss. In addition to arguing that Dr. Hall's report failed to even mention it, MIDA further argued that Dr. Bikle was never its employee. Young argued that because she had alleged vicarious liability, Dr. Hall's report was only required to address the agent's actions or omissions to satisfy the requirements of section 74.351

3

of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (West 2011). The trial court then granted MIDA's motion to dismiss and awarded it attorney's fees.[1] Young filed an amended expert report on September 6, 2011.[2] On September 29, 2011, the trial court granted Dr. Bikle's motion to dismiss and severed MIDA and Dr. Bikle from Young's case against the other defendants. This appeal followed.[3]

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We review the trial court's decision on a motion to dismiss under an abuse of discretion standard. *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877–78 (Tex. 2001). "An abuse of discretion occurs when a trial court acts in an arbitrary or unreasonable manner or without reference to any guiding principles." *Moore v. Sutherland*, 107 S.W.3d 786, 789 (Tex. App.—Texarkana 2003, pet. denied) (citing *Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex. 1999)). We may not reverse for abuse of discretion simply because we would have decided the matter differently. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex.1985).

We may not substitute our judgment for that of the trial court concerning the resolution of factual issues or matters committed to the trial court's discretion. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). The appellant must "establish that the trial court could reasonably have reached only one decision." *Id.* at 840. A trial court has no discretion in determining what the law is or in applying the law to the facts, and "a clear

---

[1] The trial court recessed the hearing on Dr. Bikle's motion to dismiss and gave Young ten days to provide "some authority on the qualifications of Dr. Hall" to opine regarding Dr. Bikle's alleged negligence.

[2] The report does not mention MIDA.

[3] Young has not filed an appeal of the trial court's order granting Dr. Bikle's motion to dismiss.

4

failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Id.*

Section 74.351 requires a plaintiff to serve on each defendant physician or health care provider whose conduct is implicated by a healthcare liability claim, a curriculum vitae of each expert listed in the report and one or more expert reports setting forth the standard of care, breach of the standard of care, and causation. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a), (r)(6). An "expert report" is defined as

> a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed.

*Id.* § 74.351(r)(6).

A court must grant a motion to dismiss under section 74.351(b) if, after the 120-day deadline has passed, it appears to the court that the report does not represent an objective, good-faith effort to comply with the definition of an expert report. *Id.* § 74.351(l). A "good-faith effort" means that the report "provide[s] enough information to . . . inform the defendant of the specific conduct the plaintiff has called into question . . . [and] a basis for the trial court to conclude that the claims have merit." *Palacios*, 46 S.W.3d at 879. A report cannot constitute a good-faith effort if it omits any of the statutory requirements. *Id.*

> When a plaintiff's claim against a hospital is not for direct negligence, but is based on the conduct of an employee through the doctrine of respondeat superior, the expert report need not identify the hospital by name or include an opinion about how the employee was acting in the course and scope of employment for the hospital.

5

*RGV Healthcare Assocs., Inc. v. Estevis*, 294 S.W.3d 264, 273 (Tex. App.—Corpus Christi 2009, pet. denied) (citing *Univ. of Tex. Sw. Med. Ctr. v. Dale*, 188 S.W.3d 877, 879 (Tex. App.—Dallas 2006, no pet.)). A medical expert is not qualified to render an opinion on the legal issue of vicarious liability. *Id.*; *Dale*, 188 S.W.3d at 879 n.1; *see also In re CHCA Conroe, L.P.*, No. 09-04-453-CV, 2004 Tex. App. LEXIS 10481, at *3 (Tex. App.—Beaumont Nov. 23, 2004, orig. proceeding) (mem. op.) ("The conduct by the hospital on which the agency relationship depends is not measured by a medical standard of care. These are principles of agency law on which no expert report is required.").

An expert report that identifies the conduct of the health care provider's agent or employee implicates the health care provider. *Estevis*, 294 S.W.3d at 273 ("When a plaintiff's claim against a hospital is not for direct negligence, but is based on the conduct of an employee through the doctrine of respondeat superior," the hospital is implicated if the report identifies conduct by the hospital's employee); *Dale*, 188 S.W.3d at 879; *see also Women's Clinic of S. Tex. v. Alonzo*, No. 13-10-00159-CV, 2011 Tex. App. LEXIS 2177, at *13–14 (Tex. App.—Corpus Christi Mar. 24, 2011, no pet.) (mem. op.) ("A health care liability plaintiff fulfills her expert report requirement as to a defendant hospital, clinic, or other facility alleged to be vicariously liable if the report is adequate as to the employees alleged to be directly liable." (citing *Gardner v. U.S. Imaging, Inc.*, 274 S.W.3d 669, 671–72 (Tex. 2008) (per curiam); *Knapp Med. Ctr. v. Molina*, No. 13-09-00372-CV, 2009 Tex. App. LEXIS 8914, at *10 (Tex. App.—Corpus Christi Nov. 19, 2009, no pet.) (mem. op.) (explaining that the expert report requirement for a vicarious liability claim implicates the health care provider if "the report identifies

6

conduct by the health care provider's employee"). The report is sufficient as against the health care provider to satisfy the expert report requirement for the vicarious liability claims so long as it adequately addresses the standard of care applicable to the employee, how the employee breached the standard of care, and how the breach caused the plaintiff's injury. *Dale*, 188 S.W.3d at 879; *see also Molina*, 2009 Tex. App. LEXIS 8914, at *10.

## III.    ABUSE OF DISCRETION

By her first issue, Young asserts that the trial court improperly granted MIDA's motion to dismiss. First, Young argues that MIDA waived its sufficiency challenge to Dr. Hall's report. Young further argues that her claims against MIDA are all based on vicarious liability; and, because Dr. Hall's report implicated the conduct of Dr. Bikle, MIDA's agent or employee, Young satisfied the requirements of chapter 74.

## A.    Vicarious Liability

Young asserts that Dr. Hall's report implicates MIDA and MIDA failed to object within twenty-one days of being served with the report. Therefore, Young argues MIDA waived its objections to the sufficiency of the report. MIDA responds that it had no duty to object because the report did not implicate MIDA.

However, as stated above, when the allegation is one of vicarious liability, the expert report implicates the principal if it explains the negligent acts and omissions of the agent. *Estevis*, 294 S.W.3d at 273; *Dale*, 188 S.W.3d at 879; *see also Alonzo*, 2011 Tex. App. LEXIS 2177, at *113–14; *Molina*, 2009 Tex. App. LEXIS 8914, at *10. A health care provider whose conduct is implicated in an expert report must file and serve any objection to the sufficiency of the expert report not later than twenty-one days after

7

the date the report is served, or all objections are waived. *Obstetrical & Gynecological Assocs., P.A. v. McCoy*, 283 S.W.3d 96, 101 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (concluding that the trial court did not abuse its discretion by not dismissing the plaintiff's vicarious liability claims against a health care provider not mentioned in the expert reports because the health care provider waived any challenges to the sufficiency of those reports by not objecting within twenty-one days).

In this case, Young alleged in her petition that MIDA was responsible for Dr. Bikle's conduct under the theory of respondeat superior. Young then served MIDA with Dr. Hall's expert report regarding Dr. Bilke's conduct, thus implicating MIDA's conduct.[4] *See Estevis*, 294 S.W.3d at 273; *Dale*, 188 S.W.3d at 879; *see also Alonzo*, 2011 Tex. App. LEXIS 2177, at *113–14; *Molina*, 2009 Tex. App. LEXIS 8914, at *10. Consequently, MIDA was required to file objections to the sufficiency of Dr. Hall's report within twenty-one days of being served with his report. *See McCoy*, 283 S.W.3d at 101; *Dale*, 188 S.W.3d at 879. MIDA did not make any objections to the sufficiency of Dr. Hall's report.[5] Because MIDA waived its objections to the adequacy of Dr. Hall's report,

---

[4] As discussed above in this memorandum opinion, Young was not required to file an expert report concerning MIDA's vicarious liability—a legal issue upon which a medical professional is unable to opine. *RGV Healthcare Assocs., Inc. v. Estevis*, 294 S.W.3d 264, 273 (Tex. App.—Corpus Christi 2009, pet. denied); *Univ. of Tex. Sw. Med. Ctr. v. Dale*, 188 S.W.3d 877, 879 n.1 (Tex. App.—Dallas 2006, no pet); *see also In re CHCA Conroe, L.P.*, No. 09-04-453-CV, 2004 Tex. App. LEXIS 10481, at *3 (Tex. App.—Beaumont Nov. 23, 2004, orig. proceeding) (mem. op.).

[5] MIDA only filed a motion to dismiss claiming that Young failed to file any expert report concerning its conduct. MIDA did not make any objections to Dr. Hall's report in its motion to dismiss. Furthermore, MIDA did not file a motion to dismiss challenging Dr. Hall's expert report and may not rely on any objections made by Dr. Bilke to Dr. Hall's report. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) ("*Each* defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the 21st day after the date it was served, failing which all objections are waived.") (Emphasis added); *Otero v. Leon*, 319 S.W.3d 195 (Tex. App.—Corpus Christi 2010, pet. denied) (declining to reach the merits of two of the defendants' claims that the amended expert report was inadequate because they failed to object to the amended report in the trial court, while addressing the other defendant's claim that the expert report was inadequate because he had objected in the trial court); *Hawkins v. Herrera*, 296 S.W.3d 366, 370 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (stating that "in the context of challenges to the adequacy of an expert report, [section

we conclude the trial court abused its discretion by dismissing Young's vicarious liability claims against MIDA.[6]  *See McCoy*, 283 S.W.3d at 101; *Dale*, 188 S.W.3d at 879.  We sustain Young's first issue regarding her vicarious liability claims.

## B.     Direct Liability

A report that omits all of the statutorily required elements is not merely deficient, but amounts to no report at all.  *Fung v. Fischer*, 365 S.W.3d 507, 529 (Tex. App.— Austin 2012, no pet.).  A health care provider has no duty to object to the sufficiency of a medical report if no report has been served on it addressing any direct-liability claims.  *Id.* at 525.

Here, although Young served Dr. Hall's report on MIDA concerning Dr. Bikle's conduct, Young failed to serve MIDA with an expert report addressing its own conduct.  MIDA had no duty to object to Young's failure to serve an expert report addressing MIDA's direct liability, if any.[7]  *See id.*

---

74.351(l)] naturally places the burden on the objecting party . . . to secure a ruling.) (citing Tex. R. App. P. 33.1; Tex. Civ. Prac. & Rem. Code Ann. § 74.351(l)).

[6] At the motion to dismiss hearing, MIDA argued that Dr. Bilke has never been its employee.

[7] It is unclear whether Young is claiming on appeal that she did not make any direct liability claims against MIDA.  However, in her petition, Young "adopted and reallege[d] each and every Paragraph of All Counts of [her] petition" against MIDA.  In count one, paragraph 6.02, Young asserted that the health care provider "had a duty to exercise ordinary care in [her] treatment . . . that is, that degree of care that a reasonable and prudent health care provider would have exercised under the same or similar circumstances."  Accordingly, Young also alleged that MIDA had that duty.  Young then claimed that MIDA had held out to the public that it had competent and qualified personnel to diagnose, treat, care for, and monitor its patients.  Young asserted that MIDA "failed to use the ordinary care and diligence that a reasonable and prudent health care provider would have employed under the same or similar circumstances and negligently and proximately caused" her injury as listed.  Young stated that MIDA was negligent "by, among other acts and omissions, the following":  (1) causing her injury; (2) "failing to assess the competence of medical staff, including but not limited to physicians such as Defendant BIKLE"; (3) "failing to develop, employ and monitor policies and procedures for the care and treatment of patients"; (4) failing to care and treat her; (5) "failing to recognize the risk factors apparent in [Young] prior to discharging her from Defendant CHRISTUS SHORELINE emergency room"; (6) "failing to properly review, interpret, diagnose and treat [Young's] radiologic findings"; (7) and "causing delay in the treatment of [Young], resulting in permanent and significant kidney damage."  In her petition, Young does not identify any agents or employees who failed to assess the competence of medical staff or develop, employ, and monitor policies and procedures for the care and treatment of patients.

Dr. Hall's report only addresses the conduct of MIDA's alleged agent, Dr. Bikle. Dr. Hall's report does not mention MIDA. Furthermore, Dr. Hall's report does not address MIDA's alleged failure "to assess the competence of medical staff, including but not limited to physicians such as Defendant BIKLE" and alleged failure "to develop, employ and monitor policies and procedures for the care and treatment of patients." Thus, Young failed to file an expert report regarding MIDA's direct liability, if any. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(r)(6); *Estevis*, 294 S.W.3d at 271 (concluding that the expert report did not support a direct liability claim against the health care provider because it failed to address all of the required elements); *Ctr. for Neurological Disorders v. George*, 261 S.W.3d 285, 294 (Tex. App.—Fort Worth 2008, pet. denied) (op. on remand) (finding that an expert report was deficient as to a claim for direct liability against a professional association because it only discussed the association's vicarious liability and not its specific conduct); *see also In re Knapp Med. Ctr. Hosp.*, No. 13-09-00381-CV, 2009 Tex. App. LEXIS 5995, at *9–10 (Tex. App.— Corpus Christi July 31, 2009, orig. proceeding) (mem. op.) (explaining that because the plaintiffs raised, in addition to their vicarious-liability claims, direct-liability claims against the health care provider, the plaintiffs were required to produce an expert report as to the health care provider's negligence not based on vicarious liability). Therefore, to the extent that Young has made any direct-liability claims against MIDA, the trial court did

Because Young has used such broad language in her petition, and the alleged conduct is not attributable to Dr. Bikle, it appears that she has made allegations that MIDA is directly liable for her injuries. *See Azle Manor, Inc. v. Vaden*, No. 2-08-115-CV, 2008 Tex. App. LEXIS 8414 at *4–5 (Tex. App.—Fort Worth Nov. 6, 2008, no pet.) (mem. op.) (finding broad language in petition stating that health care provider "fail[ed] to act as an ordinary prudent person would have under the same or similar circumstances" and the words "among other things" preceding the enumerated list of acts and omission "[left] the door open for further allegations of direct liability against Appellants"); *see also Estevis*, 294 S.W.3d at 270–71; *In re Knapp Medical*, 2009 Tex. App. LEXIS 5995, at *9–10.

10

not abuse its discretion by granting MIDA's motion to dismiss.[8]  We overrule Young's first issue to the extent that she argues that the trial court abused its discretion in dismissing her direct-liability claims against MIDA.

### III.   ATTORNEY'S FEES

By her second issue, Young contends that there was legally insufficient evidence to support the trial court's award of attorney's fees.  MIDA states in its brief that it "waives any entitlement to attorney's fees in the interest of expediting this inquiry." Accordingly, we dismiss Young's second issue as moot.

### IV.   CONCLUSION[9]

We affirm the trial court's order granting MIDA's motion to dismiss as it relates to Young's direct liability claims against MIDA.  We reverse the trial court's order granting MIDA attorney's fees of $2,500 from Young and render judgment that no attorney's fees are to be awarded.  We reverse the trial court's order granting MIDA's motion to dismiss as it relates to Young's vicarious liability claims against MIDA and remand the cause to the trial court for further proceedings.

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
29th day of November, 2012.

---

[8] "[W]hen no expert report is served within 120 days of filing the claim, a trial court has no authority to grant an extension."  *See Garcia v. Marichalar*, 185 S.W.3d 70, 73 (Tex. App.—San Antonio 2005, no pet.).  Therefore, no extension is warranted here.  *See id.*

[9] We need not address Young's third issue because it is not dispositive of the appeal.  *See* TEX. R. APP. P. 47.1, 47.4.