**Affirmed and Opinion filed September 24, 2019.**



**In the**

# Fourteenth Court of Appeals

### NO. 14-17-00997-CV

**CALENA MORRIS, R.N.; MICHEAUX THOMAS, R.N.; AND WENDY CALVERT, R.N., Appellants**

**v.**

**BRENDA PONCE AND RICCO GONZALEZ, AS NATURAL PARENTS, NEXT FRIENDS, AND LEGAL GUARDIANS OF E.G., A MINOR, Appellees**

**On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2012-74315**

## OPINION

Appellants, Calena Morris, R.N.; Micheaux Thomas, R.N.; and Wendy Calvert, R.N. (collectively, the "Nurses"), bring this interlocutory appeal from the trial court's denial of their motion to dismiss the health-care liability claims of appellees, Brenda Ponce and Ricco Gonzalez, as natural parents, next friends, and

legal guardians of Eric,[1] a minor. In a single issue, the Nurses claim that the trial court abused its discretion in denying their motion to dismiss for failure to timely serve an expert report in accordance with the medical liability chapter of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b). We affirm the order of the trial court.

## I. BACKGROUND

This case previously has been before us. As detailed in *Memorial Hermann Hospital System v. Ponce*, Ponce and Gonzalez filed a health-care liability claim against the hospital where Eric was born, alleging the hospital's negligence caused Eric brain damage. No. 14-14-00136-CV, 2014 WL 5685726, at *1 (Tex. App.— Houston [14th Dist.] Nov. 4, 2014, pet. denied) (mem. op.). Ponce and Gonzalez did not serve the hospital with an expert report until more than 300 days after filing their original petition. The hospital filed a motion to dismiss pursuant to Civil Practice and Remedies Code section 74.351(b), arguing Ponce and Gonzalez failed to timely serve an expert report.

On January 24, 2014, days before the hearing on the hospital's motion to dismiss, Ponce and Gonzalez amended their petition to add the Nurses as named parties. Ponce and Gonzalez attached another expert report to the amended petition served on the Nurses.

The trial court denied the hospital's motion. In the previous interlocutory appeal, we concluded the expert report (served on the hospital over 300 days after Ponce and Gonzalez filed suit) was untimely. *Id.* at. *4–5. We reversed the trial court's order and instructed the trial court to dismiss Ponce's and Gonzalez's claims against the hospital with prejudice. *See* Tex. Civ. Prac. & Rem. Code Ann.

---

[1] To protect this minor's identity, we use a pseudonym rather than the actual name of the child.

§ 74.351(b). The trial court dismissed with prejudice and severed the claims against the hospital, making the dismissal a final judgment against the hospital.

Subsequently, the Nurses filed a motion to dismiss pursuant to section 74.351(b), arguing that Ponce and Gonzalez failed to timely serve an expert report. The trial court denied the motion, and this interlocutory appeal followed. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9).

## II. ANALYSIS

We review a trial court's ruling on a motion to dismiss under section 74.351 for an abuse of discretion. *See Abshire v. Christus Health Se. Tex.*, 563 S.W.3d 219, 223 (Tex. 2018) (per curiam); *Univ. of Tex. Health Sci. Ctr. at Houston v. Cheatham*, 357 S.W.3d 747, 748 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). Under this standard, we defer to a trial court's factual determinations, but we review de novo questions of law involving statutory interpretation. *Cheatham*, 357 S.W.3d at 748. In this case, the facts are undisputed, and the parties' dispute concerns purely legal questions.

In their sole issue on appeal, the Nurses contend that the trial court erred by denying their motion to dismiss because Ponce and Gonzalez served their expert report on the Nurses more than 120 days after they initially sued the hospital. Section 74.351(a) presents "a statute-of-limitations-type deadline within which expert reports must be served." *Ogletree v. Matthews*, 262 S.W.3d 316, 319 (Tex. 2007). "If the claimant does not serve an expert report by the statutory deadline and the parties have not agreed to extend the deadline, the statute requires . . . dismissal of the claim with prejudice 'on the motion of the affected physician or health care provider.'" *Zanchi v. Lane*, 408 S.W.3d 373, 376 (Tex. 2013) (quoting Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b)).

3

The original 2003 statutory language defined the deadline for serving an expert report and curriculum vitae "on each party or the party's attorney" as "not later than the 120th day after the date the claim was filed."[2] Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen. Laws 847, 875, *amended by* Act of May 18, 2005, 79th Leg., R.S., ch. 635, § 1, 2005 Tex. Gen. Laws 1590, 1590. A 2005 amendment changed the deadline to "not later than the 120th day after the date the original petition was filed." Act of May 18, 2005, 79th Leg., R.S., ch. 635, § 1, 2005 Tex. Gen. Laws 1590, 1590, *amended by* Act of May 24, 2013, 83d Leg., R.S., ch. 870, § 2, 2013 Tex. Gen. Laws 2217, 2217. In 2013, the legislature further amended section 74.351 to define the deadline for serving the report and curriculum vitae "on that party or the party's attorney" as "not later than the 120th day after the date each defendant's original answer is filed." Act of May 24, 2013, 83d Leg., R.S., ch. 870, § 2, 2013 Tex. Gen. Laws 2217, 2217.

The Nurses contend the 2005 version applies to the suit against them because the original petition was filed in 2012, prior to the 2013 amendment.[3] Ponce and Gonzalez contend that the 2013 version of the statute applies because

---

[2] The predecessor to chapter 74, Revised Statutes article 4590i, was amended and re-codified in 2003. *See* Act of May 30, 1977, 65th Leg., R.S., ch. 817, 1977 Tex. Gen. Laws 2039 (Medical Liability and Insurance Improvement Act of Texas, since amended), *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884.

[3] In support of their argument that Ponce and Gonzalez failed to timely serve an expert report on the Nurses under the prior version of chapter 74, the Nurses assert: (1) Ponce's and Gonzalez's health-care liability claims against the Nurses reiterate their prior claims against the hospital; (2) Ponce and Gonzalez added the Nurses as named defendants "to seek a second bite at the Chapter 74 apple"; (3) the addition of the Nurses as named defendants is contrary to the legislative purpose and plain language of chapter 74; (4) Texas agency law supports dismissal; and (5) the Nurses are not seeking a "free pass" out of liability. Because we conclude the current version of chapter 74 applies, and the current version explicitly provides for service of an expert report within 120 days of each defendant's answer, we do not address these arguments. *See* Tex. R. App. P. 47.1.

the Nurses were not added to the lawsuit until 2014, after the amendment. Consequently, we must determine whether an action commences for all defendants with the filing of the original petition or for each defendant when it is named as a defendant. This is an issue of first impression for this court.

The parties do not brief the issue at length. The Nurses cite the enabling statute to support application of the 2013 version of section 74.351 without providing any analysis. Ponce and Gonzalez cite the only case that appears to have directly addressed the issue, *Martinez v. Gonzales*, No. 13-14-00241-CV, 2015 WL 5626242 (Tex. App.—Corpus Christi-Edinburg Sept. 17, 2015, pet. denied) (mem. op.).

The enabling statute for the 2013 version of section 74.351 states that the 2013 amendment "applies only to an action commenced on or after [September 1, 2013]. An action commenced before [September 1, 2013] is governed by the law in effect immediately before that date, and that law is continued in effect for that purpose." Act of May 24, 2013, 83d Leg., R.S., ch. 870, §§ 3(b), 4, 2013 Tex. Gen. Laws 2217, 2217. Nothing in the 2013 statute addresses whether an action commences for all persons with the filing of the original petition or whether an action commences for each defendant when that defendant is named as a party to the lawsuit.

Whether statutory language is ambiguous is a matter of law for courts to decide. *Sw. Royalties, Inc. v. Hegar*, 500 S.W.3d 400, 405 (Tex. 2016). Statutory language is ambiguous only if the words yield more than one reasonable interpretation. *Id.* When a statute contains a term that is undefined, as "action" is in this case, we look to the plain language and construe the text in light of the statute as a whole. *Silguero v. CSL Plasma, Inc.*, 2019 WL 2668888, *5 (Tex. June 28, 2019). If the statute's language is unambiguous, we interpret its plain meaning,

5

presuming that the legislature intended for each of the statute's words to have a purpose and that the legislature purposefully omitted words it did not include. *Id.* "[T]he meaning must be in harmony and consistent with other statutory terms and if a different, more limited, or precise definition is apparent from the term's use in the context of the statute, we apply that meaning." *Sw. Royalties, Inc.*, 500 S.W.3d at 405 (quotation omitted). We only resort to extrinsic aids when a statute's words are ambiguous. *Greater Houston P'ship v. Paxton*, 468 S.W.3d 51, 58 (Tex. 2015).

If an undefined term has multiple common meanings, it is not necessarily ambiguous; rather, we will apply the definition most consistent with the context of the statutory scheme. *Id.* Once appellate courts construe a statute and the legislature re-enacts or codifies that statute without substantial change, we presume the legislature has adopted the judicial interpretation. *Traxler v. Entergy Gulf States, Inc.*, 376 S.W.3d 742, 748 (Tex. 2012). We further presume that the legislature intended a just and reasonable result. Code Construction Act, Tex. Gov't Code Ann. § 311.021(3). The parties have not cited, and we have not found, any authority discussing a difference in the application of the rules of statutory construction to the introductory formalities ((1) heading, (2) title, and (3) enacting clause) and procedural or other technical provisions ((1) savings clause or other transitional provisions, (2) severability or nonseverability clause, and (3) effective date section) of acts, as opposed to the general and permanent substantive provisions ((1) short title, (2) statement of policy and purpose, (3) definitions, (4) principal operative provisions, (5) enforcement provisions: criminal, civil, or administrative, (6) amendment of existing law, and (7) repealers). *See* Texas Legislative Council, *Texas Legislative Council Drafting Manual* §§ 3.01–14, at 5 (2018) (discussing parts and functions of bills (citing Tex. Const. art. III, § 30 ("[n]o law shall be passed, except by bill."))).

The Supreme Court of Texas has construed the term "action" in another section of a prior version of chapter 74. In *University of Texas Health Science Center at San Antonio v. Bailey*, the supreme court indicated that an amended petition adding a new party is not typically considered as part of the original "action," when construing "the action" language included in the two-year statute of limitations for health care liability claims. 332 S.W.3d 395, 400–01 (Tex. 2011) (construing Tex. Civ. Prac. & Rem. Code Ann. § 74.251(a) and stating that "[t]he relation-back doctrine . . . defines what is to be included in 'the action' to which limitations applies. . . . The relation-back doctrine does not save their suit against [defendant added in amended petition] from its limitations defense"); *see also Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 564 (Tex. 2014) (plurality op.) (holding term "action" is generally synonymous with "suit," which is a demand of one's rights in court).

After the supreme court construed "the action" in this manner, the legislature did not change the term when it amended the statute in 2013. We therefore presume the legislature has adopted this judicial interpretation. *See Traxler*, 376 S.W.3d at 748.

Moreover, we are persuaded that the *Martinez* court reached the correct conclusion. In *Martinez*, the Thirteenth Court of Appeals held that "for purposes of section 74.351(a), an action commences [against each defendant] when the particular defendant is named." 2015 WL 5626242, at *4. The *Martinez* court determined that the 2013 version of section 74.351 applied to doctors that were added as named defendants in an amended petition filed after September 1, 2013, although the original petition in the case was filed prior to September 1, 2013. *Id.*

Before arriving at its holding, the *Martinez* court distinguished *S&P Consulting Engineers, PLLC v. Baker*, 334 S.W.3d 390 (Tex. App.—Austin 2011,

7

no pet.) (en banc). *Martinez*, 2015 WL 5626242, at *3–4. In *S&P Consulting Engineers*, the Third Court of Appeals determined that "for purposes of the effective date of the 2009 version of [Civil Practice and Remedies Code] section 150.002, an action commences when the original petition is filed. . . [and] does not recommence with the filing of an amended petition even if that petition names a new defendant for the first time." 334 S.W.3d at 397. The *S&P* court relied on Texas Rules of Civil Procedure 22,[4] 37,[5] and 38[6] for guidance in interpreting the words "action" and "commence." *Id.* at 396. The court noted that while Rule 22 states a civil suit is commenced by filing a petition, Rule 37 states additional parties "may be brought in;" the *S&P* court concluded this "indicat[ed] that these new parties are being added to an action that had already commenced." *Id.* The *S&P* court also pointed out that Rule 38 (regarding third-party practice) does not indicate that third-party petitions commence new actions or suits against the new parties, and concluded "the subsequent petitions by defendants against new parties become part of an action that has already commenced." *Id.* The court acknowledged, however, "these rules are not conclusive regarding the legislature's

---

[4] Rule 22 states, "A civil suit in the district or county court shall be commenced by a petition filed in the office of the clerk." Tex. R. Civ. P. 22.

[5] Rule 37 states, "Before a case is called for trial, additional parties necessary or proper parties to the suit, may be brought in, either by the plaintiff or the defendant, upon such terms as the court may prescribe; but not at a time nor in a manner to unreasonably delay the trial of the case." Tex. R. Civ. P. 37.

[6] Rule 38(a) states,

At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a citation and petition to be served upon a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him . . . . A third-party defendant may proceed under this rule against any person not a party to the action who is or who may be liable to him or to the third-party plaintiff for all or part of the claim made in the action against the third-party defendant.

Tex. R. Civ. P. 38(a).

8

intent in drafting the enabling language of the 2009 version of section 150.002."
*Id.*

The *Martinez* court reasoned that although the *S&P* court's interpretation may apply to a supplemental petition adding parties, "it ignores that the filing of an amended petition adding defendants, as in this case, constitutes the filing of a new lawsuit." *Martinez*, 2015 WL 5626242, at *3 (citing *Marez v. Moeck*, 608 S.W.2d 740, 742 (Tex. App.—Corpus Christi 1980, no writ)).[7] In *Marez*, the Thirteenth

---

[7] The dissent in *S&P* also noted that the legislature previously had used more specific enabling language:

> In the enabling language of the 2003 tort reform legislation, the legislature specifically stated that unless otherwise provided, an action filed before the effective date of the legislation, "including an action filed before that date in which a party is joined or designated after that date," was to be governed by the law as it existed prior to the effective date.

*S&P*, 334 S.W.3d at 406 (Henson, J., dissenting) (citation omitted). The *S&P* dissent reasoned that because the legislature did not include similar language in the enabling statute under review, she would hold that the added defendants should be governed by the amended version of section 150.002. *Id.* at 406–07.

We could make a similar argument to support our conclusion. The legislature could have included more specific enabling language. In amending and re-codifying Revised Statutes article 4590i into chapter 74, the legislature specifically addressed to which actions chapter 74 would apply:

> Except as otherwise provided in this section or by a specific provision in an article, this Act applies only to an action filed on or after [September 1, 2003,] the effective date of this Act. An action filed before the effective date of this Act, including an action filed before that date in which a party is joined or designated after that date, is governed by the law in effect for that purpose.

Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 23.02(d), 2003 Tex. Gen. Laws 847, 899. We nevertheless decline to construe an amendment's effective date section in the context of past effective date sections, particularly when we can construe the effective date section from the context of the act. This is different from construing the principal operative provisions of an act that amend an existing statutory scheme such as a code. Such provisions are easily identified as the House and Senate Rules generally require that in any bill proposing to amend an existing statute, language sought to be deleted must be bracketed and stricken through, and language sought to be added must be underlined. *See, e.g.*, Tex. H.R. Rule 12, § 1(b), H. Res. 4, 86th Leg., R.S., 2019 H.J. of Tex. 50, 138, *reprinted in Rules of the House*, Texas Legislative Manual 201 (2019); Tex. S. Rule 7.10, S. Res. 5, 86th Leg., R.S., 2019 S.J. of Tex. 19, *reprinted in Rules of the Senate*, Texas Legislative Manual 57 (2019).

Court of Appeals held that "if the plaintiff is mistaken as to which of two persons is liable and obtains service upon the wrong party and then subsequently amends his petition to join the proper party, such amended petition is a new lawsuit and the statute of limitations is not tolled until the plaintiff files his amended petition." *Marez*, 608 S.W.2d at 742. Indeed, it is well-established that "[o]rdinarily, an amended pleading adding a new party does not relate back to the original pleading." *Bailey*, 332 S.W.3d at 400 (quoting *Alexander v. Turtur & Assoc., Inc.*, 146 S.W.3d 113, 121 (Tex. 2004)).

Consistent with *Martinez* and the *Bailey* court's interpretation of the term "the action," we hold that, for purposes of section 74.351(a), an action commences as to each defendant when it is first named as a defendant. *See Martinez*, 2015 WL 5626242, at *3–4.

Because the Nurses were named as defendants after the 2013 amendment to chapter 74, we hold that the amended (current) version of section 74.351(a) applies in this case. As a result, Ponce and Gonzalez served their expert report on the Nurses within the statutory deadline of the 120th day after the date on which each of the Nurses filed their respective answers. The trial court did not abuse its discretion in denying their motion to dismiss. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351. The Nurses' sole issue is overruled.

## III.    CONCLUSION

We overrule the Nurses' sole issue on appeal and affirm the trial court's order denying dismissal.

/s/     Charles A. Spain
Justice

Panel consists of Chief Justice Frost and Justices Spain and Poissant.

10