# IN THE SUPREME COURT OF TEXAS

═══════════
No. 16-0079
═══════════

JEANNE RANSOM, PETITIONER,

v.

JEANINE EATON, D.D.S., RESPONDENT

═══════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTEENTH DISTRICT OF TEXAS
═══════════════════════════════════════════════════

## PER CURIAM

The Texas Medical Liability Act requires those pursuing a healthcare-liability claim to serve an expert report on each party or their attorney no later than 120 days after each defendant files an original answer. TEX. CIV. PRAC. & REM. CODE § 74.351(a). The plaintiff in this case, Jeanne Ransom, furnished the defendant physician, Jeanine Eaton, with an expert report before but not after filing suit. The trial court granted Eaton's motion to dismiss the suit on the basis that Ransom failed to serve a report within the 120-day deadline, and the court of appeals affirmed. While Ransom's petition for review was pending before this Court, we decided *Hebner v. Reddy*, 498 S.W.3d 37 (Tex. 2016), which is dispositive of this case. Accordingly, we reverse the court of appeals' judgment and remand this case to the trial court with instructions to reinstate Ransom's suit.

Ransom alleges that Eaton, a dentist, extracted two teeth in addition to the nine agreed on in a treatment plan. Ransom served Eaton with the required pre-suit notice, *see* TEX. CIV. PRAC. &

REM. CODE § 74.051(a), and included an expert report, which Eaton does not dispute receiving. Ransom later filed suit; however, she never re-served the expert report. Eaton did not object to the sufficiency of the report or its absence within 21 days after she filed her original answer. *See id.* § 74.351(a). Instead, after the passage of 120 days, she moved to dismiss Ransom's suit on the grounds that Ransom failed to serve her with an expert report within the deadline. *See id.* The trial court granted the motion to dismiss and the court of appeals affirmed, holding that Eaton was not a "party" under section 74.351(a) at the time Ransom served her with the expert report because no suit had been filed. No. 14-14-00987-CV, 2015 WL 6768616, at *4 (Tex. App.—Houston [14th Dist.] Nov. 5, 2015) (mem. op.).

While Ransom's petition for review in this case was pending, we decided *Hebner v. Reddy*, in which the plaintiff served an expert report with her pre-suit notice and mistakenly attached the wrong expert report to her original petition. *See Hebner*, 498 S.W.3d at 39. The mistake apparently went unnoticed by Hebner's counsel until Reddy moved to dismiss the case after passage of the 120-day deadline. *Id.* at 39–40. It was argued in *Hebner* that our previous interpretation of "party" in section § 74.351(a) compelled dismissal. *See id.* at 42 (discussing *Zanchi* v. *Lane,* 408 S.W.3d 373 (Tex. 2013)). We disagreed. In *Zanchi*, a plaintiff served an expert report after suit was filed but before the defendant physician was served with process. *See* 408 S.W.3d at 376. We held the physician was nonetheless a "party" for purposes of the expert-report requirement because he had been named in the lawsuit. *See id.* at 380–81. Applying *Zanchi* to the facts presented in *Hebner*, we noted that "we did not mandate that physicians or health-care providers on the receiving end of a healthcare-liability claim *must* be a 'party' to a lawsuit *before* they could be properly served with an

2

expert report." *Hebner*, 498 S.W.3d at 42. We further observed that section 74.351(a) did not include an express or implicit prohibition on service before the defendant is named as a party. *See id.* Looking to the stated purpose of the Act, we concluded that "pre-suit service of an expert report . . . can only further the statute's objective of encouraging and enabling parties to settle healthcare-liability claims without resorting to the lengthy and expensive litigation process." *Id.*

Our holding in *Hebner* compels the conclusion that Ransom satisfied the TMLA's expert-report service requirement when she served Eaton with a report concurrent with pre-suit notice. We further hold, consistent with *Hebner*, that Eaton waived any objection to the sufficiency of Ransom's expert report by failing to raise any objection within 21 days after filing her original answer and choosing instead to seek dismissal following the 120-day deadline. *See id.* at 43–44.

Accordingly, we grant the petition for review and, without hearing oral argument, TEX. R. APP. P. 59.1, reverse the court of appeals' judgment and remand the case to the trial court with instructions to reinstate Ransom's suit.

OPINION DELIVERED:   December 2, 2016