Oluwafunmi ADEDUNYE–IKHIMOK-PA, Individually and as Next Friend of Blessing Ikhimokpa, a Minor, Alexander A. Ikhimokpa, Dalonda Ikhimokpa, Maryann Ikhimokpa, and Dylan Ikhimokpa, Appellants

v.

HOUSTON METHODIST WEST HOUSTON HOSPITAL, Formally Known as Methodist Health Centers, and Darnel D. Pettway, M.D. Appellees

NO. 14–16–00160–CV

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed January 10, 2017.

Lisa Lepow Turboff, Houston, TX, for Appellee.

Ike N A Waobikeze, Houston, TX, for Appellant.

Panel consists of Chief Justice Frost and Justices Boyce and Christopher.

## OPINION

Kem Thompson Frost, Chief Justice

Health-care liability claimants assert the trial court erred in dismissing their claims based on insufficiency of the expert report under Texas Civil Practice and Remedies Code section 74.351. In particular, the claimants assert that the hospital waived its objections to the sufficiency of the report by failing to file them timely. Concluding the hospital did not waive its objections, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Innocent Ikhimokpa arrived at appellee/defendant Houston Methodist West Houston Hospital, formerly known as Methodist Hospital Centers ("Hospital"), with chest pain.[1] Emergency-room physicians performed an electrocardiogram and other initial tests. An emergency-room physician prescribed an aspirin and sent Ikhimokpa back to the waiting room while they awaited the results of other medical tests. While in the waiting room, Ikhimokpa slumped sideways. Emergency-room nurses attempted to perform cardiopulmonary resuscitation, but they could not revive Ikhimokpa. He died.

About a year later, on May 22, 2015, appellant/plaintiff Oluwafunmi Adedunye–Ikhimokpa, individually and as next friend of Blessing Ikhimokpa, a minor, Alexander A. Ikhimokpa, Dalonda Ikhimokpa, Maryann Ikhimokpa, and Dylan Ikhimokpa (collectively, the "Ikhimokpa Parties") filed an original petition asserting a health-care liability claim against the Hospital and Darnel D. Pettway, M.D., an emergency-room physician (collectively, the "Hospital Parties"). The Ikhimokpa Parties attached an expert report to the pleading. The original petition does not contain a certificate of service or any other indication that the pleading was served on the Hospital Parties. There is no return of service in the file showing that the Hospital Parties were served with the original petition.

Several weeks later, the Ikhimokpa Parties filed their First Amended Petition. The amended pleading does not contain an expert report nor does it mention the expert report attached to the original pleading. On July 13, the Ikhimokpa Parties served the Hospital Parties with citation and the First Amended Petition. The Hospital filed an answer to the lawsuit on July 30. Pettway filed an answer on August 26. The next day (August 27), the Ikhimokpa Parties served the Hospital by e-mail with the expert report that had been attached to the Original Petition. On September 17, the Hospital filed objections to the sufficiency of the expert report. On December 17, the Hospital filed a motion to dismiss the lawsuit and recover attorney's fees on the grounds that the expert report was insufficient and the Ikhimokpa Parties'

---

1. The Hospital asserted in its answer that its correct name is "Methodist Health Centers d/b/a Houston Methodist West Hospital." The issue of the hospital's correct name is not material to our analysis.

120–day deadline to provide a competent report had expired. The following week, the Ikhimokpa Parties filed an amended expert report. The Ikhimokpa Parties did not argue that the original expert report was sufficient; they argued that the Hospital waived its objections to the original expert report by failing to file their objections on time.

Following a hearing, the trial court granted the Hospital's motion to dismiss and request for attorney's fees. The Ikhimokpa Parties now challenge that ruling in this interlocutory appeal.

## ISSUES AND ANALYSIS

The Ikhimokpa Parties raise four issues. In the first three, they assert that the trial court erred in granting the Hospital's motion to dismiss because the Hospital Parties[2] waived their objections to the sufficiency of the report by failing to file timely objections. In their fourth issue, the Ikhimokpa Parties assert that the expert report is sufficient because the expert stated that the Hospital's negligence caused Ikhimokpa's death.

**A. Did the Hospital waive its objections to the expert report?**

■ Texas Civil Practice and Remedies Code section 74.351, entitled, "Expert Report," requires a claimant filing a health-care liability claim to serve on each defendant, or the defendant's attorney, one or more expert reports with a curriculum vitae of each expert not later than 120 days after the date the defendant files its original answer to the health-care liability claim. See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (West, Westlaw through 2015 R.S.). A defendant whose conduct is implicated in the report waives any objections to the sufficiency of the report unless the defendant files and serves those objections not later than the later of the twenty-first day after the report is served or the twenty-first day after the defendant's answer is filed. See id.

The parties disagree about when the initial expert report was served. The Ikhimokpa Parties assert they served the expert report on July 13th, the date on which they effected service of citation and the First Amended Petition. The Hospital asserts the Ikhimokpa Parties served them with the expert report by e-mail on August 27th. The record contains evidence that the Ikhimokpa Parties filed their First Amended Petition on June 30th and effected service of citation on the Hospital Parties on July 13th. Although the Ikhimokpa Parties attached an expert report to the original petition (filed in May), they did not serve that pleading and the First Amended Petition replaced the original petition upon filing. See Tex. R. Civ. P. 65 (noting that the instrument for which an amended petition is substituted is no longer part of the pleading in the record of the cause).

■ Although a plaintiff may serve a party with an expert report before filing suit, to do so effectively, the plaintiff must serve the expert report on the defendant. See Hebner v. Reddy, 498 S.W.3d 37, 44 (Tex. 2016). The Ikhimokpa Parties never served their original petition on the Hospi-

---

**2.** In their second issue, the Ikhimokpa Parties make an argument that the emergency-room physician did not timely object to the expert report. The appealed order grants relief to the Hospital only. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (10) (West, Westlaw through 2015 R.S.) (authorizing an interlocutory appeal from orders granting relief under Texas Civil Practice and Remedies Code section 74.351(I)). The appellate record does not contain any order granting relief to the emergency-room physician. Whether the emergency-room physician timely objected to the expert report is not relevant to this appeal of the trial court's order granting relief to the Hospital.

tal Parties, nor does the record contain any evidence that the Ikhimokpa Parties served the expert report in a pre-suit notice or through any other communication before filing the First Amended Petition. Nothing in the amended pleading would have alerted a reader to the existence of an expert report attached to the original pleading. The First Amended Petition did not incorporate the report, nor did it contain any other reference to the expert report attached to the original petition. Thus, serving the First Amended Petition did not constitute service of the expert report. *See* Tex. Prac. & Rem. Code Ann. § 74.351(r)(6) (West, Westlaw through 2015 R.S.); *Univ. of Tex. Medical Branch at Galveston v. Callas*, 497 S.W.3d 58, 66 (Tex. App.–Houston [14th Dist.] 2016, pet. denied) (detailing requirements of expert report).

The Ikhimokpa Parties do not point to any other time they purport to have presented the expert report to the Hospital Parties before serving the report by e-mail on August 27th. The record shows that the August 27th e-mail is the first time the Ikhimokpa Parties served the Hospital Parties with an expert report. Because August 27th falls within 120 days of the Hospital's answer, the Ikhimokpa Parties are correct in asserting in their first issue that they timely filed their expert report. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a). The Hospital filed its objections to the sufficiency of the report twenty-one days later, on September 17th. *See id.* Because the Hospital asserted its objections within the twenty-one day deadline, the Hospital's objections were timely. *See id.*; *Hebner*, 498 S.W.3d at 44. The Hospital did not waive its objections by failing to file them by the statutory deadline. *See id.*; *Hebner*, 498 S.W.3d at 44. We overrule the Ikhimokpa Parties' first, second, and third issues.

**B. Did the Ikhimokpa Parties adequately brief a challenge to the trial court's determination that the expert report is insufficient?**

In their fourth issue, the Ikhimokpa Parties assert that the Hospital's "negligence was responsible for decedent's death." At issue in this appeal is the trial court's granting of a motion to dismiss the suit for failure to file a sufficient expert report. The Hospital objected to the report on the grounds that the expert failed to set forth the applicable standard of care, failed to differentiate between the standard of care applicable to a hospital and that applicable to a physician, failed to set forth what actions the Hospital should have performed differently, and failed to explain the causal connection between the Hospital's acts and the claimed injury. The Ikhimokpa Parties did not respond to the Hospital's objections and the Hospital filed a motion to dismiss. In response to the motion to dismiss, the Ikhimokpa Parties argued that the Hospital waived its objections; they did not assert that the expert report was sufficient to satisfy the statutory criteria.

The Ikhimokpa Parties' fourth issue spans two paragraphs in which they state the Hospital and the emergency-room physician failed "to exercise the degree of care, skill, and diligence ordinarily possessed and used by other members of the medical profession in good standard under the same or similar circumstances." The Ikhimokpa Parties assert that the Hospital, its agent, staff, and affiliates were negligent by:

> failing to perform the duties owed to the Deceased, INNOCENT IKHIMOKPA during the existence of the physician-patient relationship in [sic] proper, effective and safe manner; they failed to properly perform the medical treatment necessary for INNOCENT IKHIMOK-

PA's welfare according to the standards set by the medical profession; and by [sic] they failed to recognize and/or appreciate the proper cause of treatment of INNOCENT IKHIMOKPA's condition and thus causing [sic] his death.

An appellant's brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and the record. *See* Tex. R. App. P. 38.1(i). Nowhere in their presentation of the fourth issue do the Ikhimokpa Parties mention the expert report or explain how the expert report complied with the statutory requirements. The Ikhimokpa Parties do not cite to any authority or to the record. Nor do the Ikhimokpa Parties provide any legal analysis or argument responsive to the Hospital's objections. Even construing the Ikhimokpa Parties' appellate brief liberally, we cannot conclude they have briefed adequately any argument in support of their position. *See San Saba Energy, L.P. v. Crawford,* 171 S.W.3d 323, 337 (Tex. App.–Houston [14th Dist.] 2005, no pet.). Because the Ikhimokpa Parties' briefing lacks the requisite argument and citation to authorities and to the record, they have waived review of their fourth issue. *See id.* Accordingly, we overrule their appellate challenge to the trial court's determination that the expert report is insufficient.

### Conclusion

The Hospital timely objected to the Ikhimokpa Parties' expert report. Through inadequate briefing, the Ikhimokpa Parties have waived any challenge to the trial court's determination that the Hospital's expert report is insufficient. Having overruled the Ikhimokpa Parties' appellate issues, we affirm the trial court's order.