The UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT HOUSTON, Appellant

v.

Bryan JOPLIN and Janice Joplin, Appellees

NO. 14-16-00538-CV

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed May 18, 2017

Lisa Violet Cubriel, Austin, TX, for Appellant.

Les Weisbrod, Lawrence Ray Lassiter, Dallas, TX, for Appellees.

Panel consists of Chief Justice Frost and Justices Brown and Jewell.

## OPINION

Marc W. Brown, Justice

By this interlocutory appeal, the University of Texas Health Science Center at Houston (UTHSCH) challenges the trial court's denial of UTHSCH's motion to dismiss Bryan Joplin and Janice Joplin's law-

suit with prejudice for failure to serve an expert report and curriculum vitae (CV) pursuant to section 74.351 of the Texas Civil Practice and Remedies Code. Because the Joplins failed to comply with the service requirement under section 74.351(a), subjecting their claims to mandatory dismissal under section 74.351(b), we conclude that the trial court abused its discretion. We also reject the Joplins' arguments that enforcing section 74.351's mandatory dismissal encourages unprofessional conduct and violates the Texas Constitution as applied to them. Therefore, we reverse the trial court's order denying UTHSCH's motion to dismiss, render judgment dismissing the Joplins' claims against UTHSCH with prejudice, and remand for a determination of reasonable attorney's fees and costs.

## I. Background

On August 7, 2015, Bryan and Janice Joplin filed a healthcare liability suit against Phillip Lloyd Leggett, M.D., and Sarah Josephine Lippert, M.D., in connection with surgery performed on Bryan in August 2013. The Joplins filed two exhibits with their original petition: (1) an expert report signed by Miguel Angel Velez, M.D., and (2) Velez's CV. The Joplins served their original petition, Velez's expert report, and Velez's CV on Leggett and Lippert. Lippert forwarded to UTHSCH a copy of the original petition and exhibits, and requested defense and representation under the UT System Professional Medical Liability Plan.

Lippert filed a motion to dismiss. Lippert asserted: that (1) she was a full-time employee of governmental unit UTHSCH at the time of the surgery, (2) she was acting in the general scope of her employment at the time of the surgery, and (3) the lawsuit could have been brought against UTHSCH. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f) (West 2011).

On January 5, 2016, the Joplins filed their first amended petition and substituted UTHSCH for Lippert as a defendant. The Joplins alleged vicarious liability negligence claims against UTHSCH based on Lippert's conduct. The first amended petition stated that the Joplins simultaneously were attaching and serving two exhibits with their petition: (1) Velez's report and (2) Velez's CV. The Joplins failed to upload these exhibits when they electronically filed their first amended petition. The Joplins did not serve these exhibits on UTHSCH with the first amended petition.

UTHSCH filed its original answer on January 21, 2016. On March 1, 2016, the Joplins filed a second amended petition, which stated that Velez's expert report and CV previously had been produced. On June 2, 2016, UTHSCH filed its motion to dismiss with prejudice for failure to serve an expert report and CV pursuant to section 74.351 of the Texas Civil Practice and Remedies Code. UTHSCH argued that dismissal was mandatory under section 74.351 and requested that the Joplins pay UTHSCH's reasonable attorney's fees and costs of court. UTHSCH included the following exhibits: the Joplins' first amended petition; the civil process request for the first amended petition on UTHSCH; and the affidavit of service for the first amended petition on UTHSCH.

In their response, the Joplins argued that their mistake in inadvertently not uploading, attaching, and serving Velez's expert report and CV with their first amended petition should not result in dismissal under section 74.351. The Joplins relied on *Hebner v. Reddy*, 498 S.W.3d 37 (Tex. 2016). The Joplins also argued that they fulfilled the purposes of section 74.351 because Lippert forwarded a copy of the original petition with Velez's expert report

and CV to UTHSCH. The Joplins further argued that dismissal would violate the Texas Constitution and would reward what the Joplins claim was unprofessional conduct by the Attorney General's Office, which has represented UTHSCH throughout this litigation. Finally, the Joplins requested a 30-day extension to cure any deficiency in service of the expert report. The Joplins included the following exhibits: their original petition; Velez's expert report and CV as filed with the Joplins' original petition; the citation and return of citation for the original petition on Lippert; Lippert's original answer; Lippert's motion to dismiss; UTHSCH's answers to requests for admissions; the Joplins' first and second amended petitions; the citation and affidavit of service for the first amended petition on UTHSCH; and the slip opinion in *Hebner*. UTHSCH filed a reply.

On June 17, 2016, the trial court signed an order denying UTHSCH's motion to dismiss. UTHSCH timely filed this interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9) (West 2015 & Supp. 2016).

## II. ANALYSIS

### A. Standard of review

■■■ We review a trial court's ruling on a motion to dismiss under section 74.351 for an abuse of discretion. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001); *Univ. of Tex. Health Sci. Ctr. at Houston v. Cheatham*, 357 S.W.3d 747, 748 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). Under this standard, we defer to a trial court's factual determinations, but we review de novo questions of law involving statutory interpretation and constitutional challenges. *Cheatham*, 357 S.W.3d at 748; *see Stockton v. Offenbach*, 336 S.W.3d 610, 615 (Tex. 2011); *Rivenes v. Holden*, 257 S.W.3d 332, 336 (Tex. App.—Houston

[14th Dist.] 2008, pet. denied). A trial court has no discretion in determining what the law is or applying the law to the facts. *Univ. of Tex. Med. Branch at Galveston v. Callas*, 497 S.W.3d 58, 62 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)). Therefore, the trial court's failure to analyze or apply the law correctly is an abuse of discretion. *Id.* In this case, the facts are undisputed, and the parties' dispute concerns purely legal questions. *See id.*

### B. The parties' positions

UTHSCH brings one main issue: that the trial court erred in denying UTHSCH's motion to dismiss with prejudice pursuant to section 74.351 because the Joplins failed to serve an expert report and CV on UTHSCH within 120 days of the filing of UTHSCH's original answer. Within this issue, UTHSCH asserts: (1) failure to timely serve an expert report and CV on UTHSCH requires dismissal of the suit against UTHSCH, (2) accident or mistake does not extend the 120-day deadline, and (3) service on Lippert was not service on UTHSCH.

In response, the Joplins contend that they meant to upload the exhibits and serve them on UTHSCH and they believed the exhibits had been served until UTHSCH filed its motion to dismiss. The Joplins argue that the Supreme Court of Texas in *Hebner* refused to dismiss meritorious claims based on technical noncompliance with section 74.351. They assert that the purposes of section 74.351 were fulfilled when Lippert sent UTHSCH a copy of Velez's expert report and CV. In the alternative, the Joplins request a 30-day extension to cure deficiencies in their report. The Joplins further argue that UTHSCH's counsel's not informing them about the lack of filing and service of

Velez's expert report and CV on UTHSCH was unprofessional conduct, which this court should not encourage or reward. The Joplins assert if their claims are dismissed without an opportunity for a hearing on the merits, then that dismissal would violate the Texas Constitution.

## C. Section 74.351's expert-report requirement

Determining whether the Joplins' suit against UTHSCH must be dismissed presents an issue of statutory construction. The primary goal when interpreting a statute is to effectuate "the Legislature's intent as expressed by the plain and common meaning of the statute's words." *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 683 (Tex. 2007). "Where statutory text is clear, that text is determinative of legislative intent unless the plain meaning of the statute's words would produce an absurd result." *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 452 (Tex. 2012).

■ "To proceed with a health care liability claim, a claimant must comply with the expert report requirement of the Texas Medical Liability Act." *Callas*, 497 S.W.3d at 61 n.1. Section 74.351, entitled "Expert Report," provides:

In a health care liability claim, a claimant shall, not later than the 120th day after the date each defendant's original answer is filed, serve on that party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted. The date for serving the report may be extended by written agreement of the affected parties. Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the later of the 21st day after the date the report is served or the 21st day after the date the defendant's answer is filed, failing which all objections are waived.

Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (West 2017). Section 74.351 also provides:

If, as to a defendant physician or health care provider, an expert report has not been served within the period specified by Subsection (a); the court, on the motion of the affected physician or health care provider, shall, subject to Subsection (c), enter an order that:

(1) awards to the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider; and

(2) dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

*Id.* § 74.351(b) (West 2017).

■ Section 74.351's expert-report requirement serves a "dual purpose"—"to inform the served party of the conduct called into question and to provide a basis for the trial court to conclude that the plaintiff's claims have merit." *Gardner v. U.S. Imaging, Inc.*, 274 S.W.3d 669, 671 (Tex. 2008) (per curiam); *see Hebner*, 498 S.W.3d at 41 (citing *Palacios*, 46 S.W.3d at 879). These two purposes are "equally important." *See Palacios*, 46 S.W.3d at 879.

■ Section 74.351 presents "a statute-of-limitations-type deadline within which expert reports must be served." *Ogletree v. Matthews*, 262 S.W.3d 316, 319 (Tex. 2007). The original 2003 statutory language defined the deadline for serving an expert report and CV "on each party or the party's attorney" as "not later than the 120th day after the date the claim was filed." Act

of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen. Laws 847, 875, *amended by* Act of May 18, 2005, 79th Leg., R.S., ch. 635, § 1, 2005 Tex. Gen. Laws 1590, 1590. A 2005 amendment changed the deadline to "not later than the 120th day after the date the original petition was filed." Act of May 18, 2005, 79th Leg., R.S., ch. 635, § 1, 2005 Tex. Gen. Laws 1590, 1590, *amended by* Act of May 24, 2013, 83rd Leg., R.S., ch. 870, § 2, 2013 Tex. Gen. Laws 2217, 2217.

■ In 2013, the Legislature amended section 74.351 to define the deadline for serving the report and CV "on that party or the party's attorney" as "not later than the 120th day after the date each defendant's original answer is filed." Act of May 24, 2013, 83rd Leg., R.S., ch. 870, § 2, 2013 Tex. Gen. Laws 2217, 2217. The parties do not dispute that this version of the statute applies to the Joplins' suit against UTHSCH. The expert-report deadline therefore was tied to the date UTHSCH's original answer was filed. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a).

■ Section 74.351 requires the claimant to "serve" the expert report and CV on the party or the party's attorney by such deadline.[1] *Id.* Section 74.351(a)'s "strict 120[-]day deadline can lead to seemingly harsh results." *Ogletree*, 262 S.W.3d at 320. However, "[s]trict compliance with [section 74.351(a)] is mandatory." *Zanchi v. Lane*, 408 S.W.3d 373, 376 (Tex. 2013); *see Callas*, 497 S.W.3d at 63. "If the claimant does not serve an expert report by the statutory deadline and the parties have not agreed to extend the deadline, the statute requires . . . dismissal of the claim with prejudice 'on the motion of the affected physician or health care provider.'" *Zanchi*, 408 S.W.3d

at 376 (quoting Tex. Civ. Prac. & Rem. Code § 74.351(b)). Based on the plain language of the statute, we conclude that section 74.351 requires not later than the 120th day after the defendant files its original answer that the claimant serve the expert report and CV on that defendant. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a).

### D. Mandatory dismissal with prejudice required under section 74.351

■ Here, on January 21, 2016, UTHSCH timely filed its original answer to the Joplins' first amended petition naming UTHSCH as a defendant. Therefore, the statutory deadline for the Joplins to serve an expert report and CV on UTHSCH was 120 days later, on May 20, 2016. Because there is no dispute that the Joplins did not serve UTHSCH with Velez's expert report and CV by May 20, 2016, the trial court had no discretion to deny UTHSCH's motion to dismiss. *See id.* § 74.351(a), (b).

We reject all of the Joplins' arguments to the contrary.

### 1. No exception for accident or mistake

■ The Joplins maintain that their claims should not be dismissed because of their accident or mistake in not uploading their exhibits and in not serving UTHSCH with the exhibits. However, the accident-or-mistake exception formerly available under section 13.01(g) of article 4590i was repealed when the Legislature enacted chapter 74. *Compare id.* § 74.351(a) *with* Act of May 9, 1995, 74th Leg., R.S., ch. 140, § 1, sec. 13.01(g), 1995 Tex. Gen. Laws 985, 986 (providing for 30-day grace period if after hearing trial court finds that

---

1. "The statute does not define 'serve,' but this Court and others interpreted the statute to incorporate the various methods of service

found in Texas Rule of Civil Procedure 21a." *Callas,* 497 S.W.3d at 64.

failure of claimant or claimant's attorney to comply with expert-report deadline was not intentional or result of conscious indifference but was result of accident or mistake); *see Ogletree*, 262 S.W.3d at 319–20 (noting same). We must presume that every word in section 74.351 was deliberately chosen and that excluded words were intentionally excluded. *See Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981). The plain language of the statute does not include any exception for failed attempts to serve or mistakes concerning service of the expert report. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a). The only extension of the 120-day period authorized by the statute for service of the expert report is an extension by written agreement of the parties, which did not take place here. *See id.* As a result, Texas courts, including this one, have refused to read into the statute any other exception to the deadline for effecting service of the expert report and CV, whether based on good faith, due diligence, mistake, or other unintentional conduct.[2]

■ For example, mandatory dismissal under section 74.351(b) was warranted where the claimant alleged that he encountered facsimile problems in attempting to serve the expert report, *see Thoyakulathu v. Brennan*, 192 S.W.3d 849, 855–56 (Tex. App.—Texarkana 2006, no pet.); and where the claimant alleged that she mistakenly failed to attach the expert report when she filed her original petition and to submit a civil case information sheet, service request sheet, and constable fee, *see Texas Vein and Vascular v. Martinez*, No. 13-14-00176-CV, 2015 WL 5233342, at *2–4 (Tex. App.—Corpus Christi Sept. 3, 2015, pet. denied) (mem. op.). We similarly reject the Joplins' request to apply any accident-or-mistake exception here.

### 2. No due diligence by the Joplins

In addition, for the first time on appeal, the Joplins attempt to invoke "concepts of due-diligence and relation back" based on *Stockton v. Offenbach*. In *Stockton*, the Supreme Court of Texas did not decide the question of whether any common-law due diligence exception to section 74.351 existed, but rather held that even assuming that it did the evidence was not legally sufficient to raise the issue of the claimant's due diligence. 336 S.W.3d at 616–17. Here, although the Joplins maintain that they "diligently procure[d] an expert report and CV," they point to no evidence to explain their lack of diligence in seeking to

---

**2.** *See Christus Santa Rosa Health Care Corp. v. Botello*, 424 S.W.3d 117, 126 (Tex. App.—San Antonio 2013, pet. denied), *cert. denied*, —— U.S. ——, 135 S.Ct. 1871, 191 L.Ed. 2727 (2015) ("Section 74.351's requirement that a plaintiff serve an expert report on each party within 120 days is not subject to any good-faith exception."); *Otero v. Alonzo*, No. 13-10-00304-CV, 2011 WL 765673, at *2 (Tex. App.—Corpus Christi Mar. 3, 2011, no pet.) (mem. op.) (same); *Offenbach v. Stockton*, 285 S.W.3d 517, 521 (Tex. App.—Dallas 2009, no pet.) ("Unlike former article 4590i, which gave a claimant two opportunities to seek an extension of time in which to furnish an expert report, former section 74.351(a) does not contain a 'due diligence' or 'good cause' exception." (footnote omitted)), *aff'd*, 336 S.W.3d 610 (Tex. 2011); *Herrera v. Seton Nw.*

*Hosp.*, 212 S.W.3d 452, 460 (Tex. App.—Austin 2006, no pet.) (rejecting claimant's argument that failure to timely serve expert report and CV "was unintentional and the result of accident or mistake"); *Estate of Regis v. Harris Cty. Hosp. Dist.*, 208 S.W.3d 64, 68 (Tex. App.—Houston [14th Dist.] 2006, no pet.) ("In repealing article 4590i and enacting Civil Practice and Remedies Code chapter 74, the legislature specifically removed the trial court's ability to grant an extension based on a plaintiff's diligence."); *Kendrick v. Garcia*, 171 S.W.3d 698, 705 (Tex. App.—Eastland 2005, pet. denied) ("As a result of the omission of the 'accident or mistake' exception in Section 74.351, we conclude that the new statute precludes the existence of a good faith exception to the requirement of timely serving expert reports.").

effect service of the expert report and CV on UTHSCH at any time prior to the expiration of the 120-day expert-report deadline. Even assuming solely for purposes of analysis that a due diligence exception existed, as the *Stockton* Court did, merely blaming their failure to serve UTHSCH on "a set of unfortunate events" does not raise a fact issue on the Joplins' diligence during their over "four-month period of apparent inaction." *See id.*

### 3. *Hebner v. Reddy*

Next, we do not agree with the Joplins that *Hebner v. Reddy* applies under these circumstances. In *Hebner*, the Supreme Court of Texas considered whether an expert report and CV served concurrently with a presuit notice letter on the doctor subsequently named as a defendant in the lawsuit was timely under the 2005 version of section 74.351. *See* 498 S.W.3d at 40–41 ("The parties agree that the Act requires mandatory dismissal when a claimant fails to timely serve a qualifying expert report. They disagree, however, on whether serving an eventual named party with a qualifying expert report before filing suit, but after providing notice under section 74.051, meets section 74.351's expert-report deadline."). The Court held that it was.

In *Hebner*, when the plaintiffs served the doctor with their original petition, they attached an incorrect expert report and CV (prepared for a different case with a different expert). *See id.* at 39. More than 120 days after the original petition was filed, the doctor moved to dismiss based on section 74.351. *See id.* at 39–40. The Court considered its interpretation of "party" used in section 74.351(a) from *Zanchi v. Lane* and noted that it "did not mandate that physicians or health-care providers on the receiving end of a healthcare-liability claim *must* be a 'party' to a lawsuit *before* they could be properly served with an expert report." *Hebner*, 498 S.W.3d at 42.

The Court further "observed that section 74.351(a) did not include an express or implicit prohibition on service before the defendant is named as a party." *Ransom v. Eaton*, 503 S.W.3d 411, 412 (Tex. 2016) (per curiam) (citing *Hebner*, 498 S.W.3d at 42). The Court stated that "[a]llowing presuit service complies with the plain language of section 74.351(a) and furthers the Legislature's purpose of identifying and disposing of frivolous claims." *Hebner*, 498 S.W.3d at 43. The Court concluded that the plaintiffs "properly served" the doctor with the correct expert report and CV "well before the expiration of section 74.351(a)'s 120-day deadline." *Id.* at 44; *see Adedunye-Ikhimokpa v. Houston Methodist W. Houston Hosp.*, 514 S.W.3d 785, 787, No. 14-16-00160-CV, 2017 WL 89408, at *2 (Tex. App.—Houston [14th Dist.] Jan. 10, 2017, no pet.) ("Although a plaintiff may serve a party with an expert report before filing suit, to do so effectively, the plaintiff must serve the expert report on the defendant." (citing *Hebner*, 498 S.W.3d at 44)).

Unlike in *Hebner*, where the plaintiffs served the doctor with a qualifying expert report and CV before filing suit against her, the Joplins did not actually serve UTHSCH with a qualifying expert report and CV at any time prior to the expiration of the 120-day deadline. Further, unlike in *Hebner*, where "the plaintiffs' mistaken post-suit service of the incorrect service report [was] of no consequence" because "the plaintiffs met their burden with presuit service of the correct report," *see* 498 S.W.3d at 39, here, the Joplins altogether failed to meet their burden to serve UTHSCH with an expert report and CV before the statutory deadline expired. This distinction is critical. We conclude that *Hebner* does not save the Joplins' claims.

### 4. Service on, and forwarding by, Lippert

We also reject the Joplins' attempt to bootstrap their timely service of the expert report and CV on Lippert to fulfill the service requirement as to Lippert's former government employer, UTHSCH. The Joplins' position contravenes the plain language of the statute. Section 74.351 requires a claimant to serve the expert report and CV on each defendant no later than 120 days after that party files its original answer. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a). The statute does not state that a claimant satisfies the expert-report deadline when one defendant (such as an employee) provides a copy of the expert report and CV to another defendant (such as an employer). *See id.*

Moreover, this court and other Texas courts have held that service of an expert report and CV on a doctor employee defendant or that doctor's attorney under section 74.351 does not satisfy the statutory requirement with regard to service of the expert report and CV on the doctor's government employer as a separate defendant—and vice versa. *See Matthews v. Lenoir*, 439 S.W.3d 489, 495–97 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (motion to dismiss incorrectly denied as to doctor employee defendant when claimants served government employer but failed to serve doctor within statutory deadline (citing *Univ. of Tex. Health Sci. Ctr. at Houston v. Gutierrez*, 237 S.W.3d 869, 873–74 (Tex. App.—Houston [1st Dist.] 2007, pet. denied))); *Cheatham*, 357 S.W.3d at 749–50 (motion to dismiss as to UTHSCH correctly denied when UTHSCH added as defendant and claimant served expert report

and CV on UTHSCH 120 days later); *Gutierrez*, 237 S.W.3d at 873–74 (motion to dismiss incorrectly denied as to UTHSCH when UTHSCH added as defendant and was not served with expert report and CV within 120 days, despite "courtesy copy" UTHSCH received from doctor employee defendant); *see also Bexar Cty. Hosp. v. Harlan*, No. 04-15-00155-CV; 2015 WL 4638262, at *2 (Tex. App.—San Antonio Aug. 5, 2015, pet. denied) (mem. op.) ("[S]ervice on the attorney for the physician defendants does not satisfy the required service on the Hospital or its attorney." (citing *Gutierrez*, 237 S.W.3d at 873–74)).[3]

In addition, the Joplins insist that the circumstances here (Lippert's forwarding of the expert report and CV to UTHSCH prior to the Joplins naming UTHSCH as a defendant) meet the two purposes of section 74.351—"informing UTHSCH of the conduct at issue and providing a basis for concluding the claims have merit." However, the Legislature sought to accomplish these purposes by creating a mandatory duty on the claimant to serve each defendant with the expert report and CV. *See* Tex. Civ. & Rem. Code Ann. § 74.351(a) ("In a health care liability claim, a claimant *shall*, not later than the 120th day after the date each defendant's original answer is filed, serve on that party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted." (emphasis added)); Tex. Gov't Code Ann. § 311.016(2) (West 2013) ("'Shall' imposes a duty."); *Zanchi*, 408

---

**3.** The Joplins contend that, unlike the plaintiffs in *Cheatham* and *Gutierrez*, they did not deliberately choose to stand on their service to Lippert and made an attempt to serve UTHSCH. In *Cheatham*, however, we upheld the denial of UTHSCH's motion to dismiss because the plaintiff did serve UTHSCH with

the expert report and CV within 120 days of adding UTHSCH as a defendant. 357 S.W.3d at 750. And the analysis in *Gutierrez* did not hinge on whether the claimant deliberately chose or inadvertently failed to serve the governmental unit. *See* 237 S.W.3d at 873–74.

S.W.3d at 376. UTHSCH only received a copy of the Joplins' expert report and CV because Lippert sought to invoke defense and representation from her former employer, at a time when the former employer was not a party to the suit. However, it was the Joplins (not Lippert) who had, and failed to meet, a statutory duty with regard to serving UTHSCH. *See Harlan*, 2015 WL 4638262, at *2; *Gutierrez*, 237 S.W.3d at 872–74.

### 5. No available 30-day extension

■ Next, we address (and reject) the Joplins' request for a 30-day extension to cure defects in their expert report and CV. The statute provides: "If an expert report has not been served within the period specified by Subsection (a) because elements of the report are found deficient, the court may grant one 30-day extension to the claimant in order to cure the deficiency." Tex. Civ. Prac. & Rem. Code Ann. § 74.351(c) (West 2017). This discretionary 30-day extension is only available to a claimant "if the report is served by the statutory deadline, if it contains the opinion of an individual with expertise that the claim has merit, and if the defendant's conduct is implicated." *Scoresby v. Santillan*, 346 S.W.3d 546, 557 (Tex. 2011); *Ezekiel v. Shorts*, No. 14-12-00305-CV, 2013 WL 119712, at *3 (Tex. App.—Houston [14th Dist.] Jan. 10, 2013, no pet.) (mem. op.) ("If a report does not meet the standard set forth in *Scoresby*, it is not an expert report under the Act, and the trial court must dismiss the plaintiff's claims if the defendant properly moved for dismissal.").

■ Here, the Joplins failed to timely serve an expert report and CV on UTHSCH. *See Scoresby*, 346 S.W.3d at 555 ("The Medical Liability Act … does not authorize an extension if no report is timely served."). Because the Joplins do not meet the first *Scoresby* element, no extension is available under section 74.351(c). *See Sinha v. Thurston*, 373 S.W.3d 795, 799 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("[I]f no report is served as to a particular defendant by the 120-day deadline, dismissal is mandatory and a trial court does not have the discretion to authorize a 30-day extension." (citing *Scoresby*, 346 S.W.3d at 553–54)); *see also Gulf Coast Med. Ctr., LLC v. Temple*, No. 13-09-00350-CV, 2010 WL 196972, at *7 (Tex. App.—Corpus Christi Jan. 21, 2010, no pet.) (mem. op.) ("[A]ppellees simply failed to serve any report whatsoever within the 120-day period. Accordingly, the trial court is without authority to grant appellees a thirty-day extension under section 74.351(c).").

### 6. UTHSCH's counsel's conduct

■ The Joplins argue that a reversal would reward UTHSCH's counsel's alleged unprofessional conduct in not pointing out the Joplins' service mistake. The statute expressly mandates that the trial court dismiss claims with prejudice when, as here, a claimant fails to timely serve an expert report. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b). The statute contains no exception based on the purported unprofessional conduct of opposing counsel or the alleged failure of opposing counsel to point out a service mistake. Therefore, the Joplins' argument lacks merit.

### 7. No violation of the Joplins' rights under the Texas Constitution

Finally, the Joplins contend that a dismissal of their claims without an opportunity for a hearing on the merits would violate their rights under the Texas Constitution.

■ To the extent the Joplins are arguing that the expert-report deadline violates the open courts provision of the Texas Constitution, as applied to them, we

disagree. While the open courts guarantee prohibits the Legislature from making "a remedy by due course of law contingent upon an impossible condition," the party bringing an open courts violation must raise a fact issue establishing that it did not have a "reasonable opportunity to be heard." *Stockton*, 336 S.W.3d at 617–18 (quoting *Diaz v. Westphal*, 941 S.W.2d 96, 100 (Tex. 1997), and citing *Yancy v. United Surgical Partners Int'l, Inc.*, 236 S.W.3d 778, 785 (Tex. 2007)); *see* Tex. Const. art I, § 13 ("All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law."); *Tenet Hosps. Ltd. v. Rivera*, 445 S.W.3d 698, 703 (Tex. 2014) ("Procedurally, the party raising the open courts challenge must raise a fact issue establishing that he did not have a reasonable opportunity to be heard." (internal quotation marks omitted)).

The Joplins do not point to, nor have we found, any evidence raising a fact issue that they did not have a reasonable opportunity to be heard on their claims against UTHSCH. Instead, it is the Joplins' failure to timely serve an expert report that prevents them from pursuing their claims against UTHSCH. Texas courts have rejected as-applied open courts challenges under similar circumstances. *See, e.g., Stockton*, 336 S.W.3d at 618–19; *Taylor v. Corr. Med. Servs., Inc.*, No. 01-11-00836-CV, 2013 WL 2246052, at *3 (Tex. App.— Houston [1st Dist.] May 21, 2013, no pet.) (mem. op.); *Solomon-Williams v. Desai*, No. 01-08-00733-CV, 2009 WL 1813135, at *4 (Tex. App.—Houston [1st Dist.] June 25, 2009, pet. denied) (mem. op.); *Prestwood v. Settle*, No. 03-07-00111-CV, 2008 WL 537159, at *6 n.12 (Tex. App.—Austin Feb. 28, 2008, pet. denied) (mem. op.); *Ledesma v. Shashoua*, No. 03-05-00454-CV, 2007 WL 2214650, at *9 (Tex. App.— Austin Aug. 3, 2007, pet. denied) (mem. op.); *Smith v. Hamilton*, No. 09-07-128CV, 2007 WL 1793754, at *2–3 (Tex. App.— Beaumont June 21, 2007, no pet.) (mem. op.); *Herrera v. Seton Nw. Hosp.*, 212 S.W.3d 452, 461–62 (Tex. App.—Austin 2006, no pet.).

 To the extent the Joplins are arguing that the expert-report deadline denies them due course of law under the Texas Constitution, we again disagree. The Texas Constitution provides the following guarantee: "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." Tex. Const. art. I, § 19. Although the provision provides for "due course" rather than "due process," *see* U.S. Const. amend. XIV, § 1, the terms are "without meaningful distinction." *Univ. of Tex. Med. Sch. v. Than*, 901 S.W.2d 926, 929 (Tex. 1995). The Supreme Court of Texas has rejected an as-applied due-process challenge to former article 4590i's mandatory dismissal of healthcare liability claims for failure to comply with statutory requirements. *Walker v. Gutierrez*, 111 S.W.3d 56, 66 (Tex. 2003).

Again, it is not the statute, but rather the Joplins' failure to comply with the expert-report deadline, that prevents them from pursuing their claims against UTHSCH. Texas courts have rejected as-applied due process challenges to section 74.351 under similar circumstances. *See, e.g., Taylor*, 2013 WL 2246052, at *4; *Temple*, 2010 WL 196972, at *6; *Prestwood*, 2008 WL 537159, at *6 n.12; *Ledesma*, 2007 WL 2214650, at *9; *Smith*, 2007 WL 1793754, at *3; *Herrera*, 212 S.W.3d at 461; *Brennan*, 192 S.W.3d at 855–56 ("[D]ue process does not require additional or broader grounds for extending the clearly stated service deadline or relief from the clearly stated consequences of failing to meet that deadline.").

The Joplins have not briefed any other alleged violation of the Texas Constitution. We accordingly reject the Joplins' contention that our application of section 74.351 to their claims against UTHSCH violates the Texas Constitution. The Joplins' arguments reurging *Scoresby* and *Hebner* in support of their constitutional claims do not convince us otherwise.

### III. CONCLUSION

We reverse the denial of UTHSCH's motion to dismiss and render judgment dismissing the Joplins' claims against UTHSCH with prejudice. Because UTHSCH is entitled to an award of reasonable attorney's fees and court costs, we remand for a determination of the amount of this award.