**Reversed and Rendered in Part and Remanded in Part and Memorandum Opinion filed July 6, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-20-00185-CV

---

### JOHN T. NGUYEN, MD, FACS, FICS, Appellant

### V.

### MARY LAVIGNE, Appellee

---

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 19-DCV-263499**

---

### MEMORANDUM OPINION

Appellee Mary Lavigne filed suit against appellant John T. Nguyen, M.D., FACS, FICS, alleging health care liability claims arising out of surgical procedures Nguyen performed. Lavigne failed to file an expert report within the time-period provided by the Texas Medical Liability Act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (requiring health care liability claimants to serve an expert report upon each defendant not later than 120 days after the defendant's answer is filed).

Nguyen filed a motion to dismiss for Lavigne's failure to meet the statutory deadline. *Id.* § 74.351(b). The trial court denied the motion and Nguyen timely appealed. Because Lavigne failed to meet the statutory deadline to serve an expert report, her claims were subject to mandatory dismissal under section 74.351(b) and therefore the trial court abused its discretion when it denied Nguyen's motion to dismiss. We reverse the trial court's order denying Nguyen's motion to dismiss, render judgment dismissing Lavigne's claims against Nguyen with prejudice, and remand for a determination of reasonable attorney's fees and costs.

## BACKGROUND

Nguyen is a plastic surgeon who performed surgical procedures on Lavigne in April 2017. (CR7-8) Lavigne experienced problems, including severe pain, after the surgery. (CR8) Believing Nguyen had failed to exercise reasonable medical care during and after the surgery, Lavigne filed suit against Nguyen. Nguyen filed his answer and when Lavigne did not serve the required expert report and curriculum vitae within the statutory deadline, Nguyen filed a motion to dismiss Lavigne's lawsuit against him. (CR26) Lavigne filed a response opposing Nguyen's motion. Lavigne asserted that Nguyen had not provided her with her complete medical records which prevented her from providing "an accurate expert report." (CR78) She further asserted that her counsel was only then "preparing discovery requests to send to the Defendant to get the full copy of her medical records." (CR78) The only evidence Lavigne attached to her response was her attorney's affidavit stating that the "failure to file the expert [report] in this cause was not an intentional act but a mere error in docketing." (CR86) The record does not contain any motions filed by Lavigne seeking the trial court's assistance with the production of Lavigne's medical records. After the statutory deadline for filing her expert report had passed, Lavigne filed a motion for extension of time to file

2

her expert report citing former article 4590i, the predecessor to chapter 74, the Texas Medical Liability Act, in support of her request. (CR71) Lavigne attached an affidavit from a surgeon opining that while he did have some of Lavigne's medical records, he could not prepare a proper report addressing Lavigne's claims because he did not have all of Lavigne's medical records. (CR75) At the oral hearing on Nguyen's motion to dismiss, the trial court indicated she would deny Nguyen's motion and would grant Lavigne a thirty-day extension to file her expert report. (RR12-13) The trial court subsequently signed an order denying Nguyen's motion to dismiss. (SuppCR4-5) This appeal followed.

### ANALYSIS

In three issues Nguyen argues that the trial court abused its discretion when it (1) denied his motion to dismiss Lavigne's claims against him because Lavigne failed to file the required expert report within the statutory deadline; and (2) failed to award him his attorney's fees and costs as required by the Texas Medical Liability Act. We address these issues together.

### I.    Standard of review and applicable law

We review a trial court's ruling on a motion to dismiss for failure to comply with section 74.351 under an abuse of discretion standard. *Am. Transitional Care Cntrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 878 (Tex. 2001); *Univ. of Tex. Med. Branch at Galveston v. Callas*, 497 S.W.3d 58, 62 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). A trial court abuses its discretion if it acts arbitrarily or unreasonably or without reference to guiding rules or principles. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002) (per curiam). A trial court has no discretion in determining what the law is or applying the law to the facts. *Callas*, 497 S.W.3d at 62 (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)). Therefore, the trial court's failure to analyze or apply the law

3

correctly is an abuse of discretion. *Id.*

Determining whether the trial court abused its discretion when it denied Nguyen's motion to dismiss Lavigne's lawsuit presents an issue of statutory construction. The primary goal when interpreting a statute is to effectuate "the Legislature's intent as expressed by the plain and common meaning of the statute's words." *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 683 (Tex. 2007). "Where statutory text is clear, that text is determinative of legislative intent unless the plain meaning of the statute's words would produce an absurd result." *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 452 (Tex. 2012).

"To proceed with a health care liability claim, a claimant must comply with the expert report requirement of the Texas Medical Liability Act." *Callas*, 497 S.W.3d at 61 n.1. Section 74.351, entitled "Expert Report," provides:

> In a health care liability claim, a claimant shall, not later than the 120th day after the date each defendant's original answer is filed, serve on that party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted. The date for serving the report may be extended by written agreement of the affected parties. Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the later of the 21st day after the date the report is served or the 21st day after the date the defendant's answer is filed, failing which all objections are waived.

Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a). Section 74.351 also provides:

> If, as to a defendant physician or health care provider, an expert report has not been served within the period specified by Subsection (a), the court, on the motion of the affected physician or health care provider, **shall**, subject to Subsection (c), enter an order that:
>
> > (1) awards to the affected physician or health care provider

4

reasonable attorney's fees and costs of court incurred by the physician or health care provider; and

(2) dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

*Id.* § 74.351(b) (emphasis added).

Section 74.351 requires the claimant to serve the expert report and curriculum vitae on the party or the party's attorney by such deadline. *Id.* Section 74.351(a)'s "strict 120[-]day deadline can lead to seemingly harsh results." *Ogletree*, 262 S.W.3d at 320. "Strict compliance with [section 74.351(a)] is mandatory." *Zanchi v. Lane*, 408 S.W.3d 373, 376 (Tex. 2013); *see Callas*, 497 S.W.3d at 63. If the plaintiff has not served the required expert report by the statutory deadline, and the parties have not agreed to extend the deadline, upon the motion of the affected physician, the statute requires the trial court to dismiss the claim with prejudice. *Zanchi*, 408 S.W.3d at 376. The trial court does not have discretion to do anything else. *Estate of Regis v. Harris Cty. Hosp. Dist.*, 208 S.W.3d 64, 67 (Tex. App.—Houston [14th Dist.] 2006, no pet.). This includes being denied the discretion to grant an extension for equitable reasons. *Id.* at 68. While this strict deadline may result in harsh consequences, it is the province of the legislature, not courts, to provide for extensions or grace periods regarding the expert report deadline. *Id.*

## II.    The trial court abused its discretion when it failed to dismiss Lavigne's claims.

Here, it is undisputed that Lavigne alleged a health care liability claim against Nguyen and was therefore required to comply with the Chapter 74 expert report requirement. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a). It is also undisputed that Lavigne did not serve an expert report within the 120-day time-period mandated by the statute. There was no agreement between the parties to

5

extend that deadline. In this situation, the trial court was required to dismiss Lavigne's lawsuit and then award the defendant physician his reasonable attorney's fees and costs of court. *Id.* § 74.351(b). It had no discretion to do otherwise. *Estate of Regis*, 208 S.W.3d at 67. This includes situations where the health care liability claimant alleges that she did not receive her complete medical records. *Id.* at 66–67 (rejecting argument claimant was entitled to an equitable extension because the defendant failed to provide her with her medical records). It also includes cases where the claimant alleges the failure to timely file an expert report was due to accident or mistake. *See Univ. of Tex. Health Sci. Ctr. v. Joplin*, 525 S.W.3d 772, 778–79 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) ("As a result, Texas courts, including this one, have refused to read into the statute any other exception to the deadline for effecting service of the expert report and CV, whether based on good faith, due diligence, mistake, or other unintentional conduct."). In addition, because Lavigne did not serve any report before the statutory deadline, the trial court did not have the discretion to grant a thirty-day extension to file an amended report. *See Estate of Regis*, 208 S.W.3d at 67 ("Although section 74.351(c) gives a court discretion to grant 30 days to amend a deficient report, this section applies only when an initial report is timely filed; it is not available to extend the deadline for first filing a report."); *Valley Baptist Med. Ctr. v. Azua*, 198 S.W.3d 810, 815 (Tex. App.—Corpus Christi 2006, no pet.) ("[A] trial court does not have authority to grant an extension when no report is served within 120 days of filing the claim."). Based on the plain language of the statute, we conclude that because the parties did not agree to extend the deadline, section 74.351 required Lavigne, not later than the 120th day after Nguyen filed his original answer, to serve Nguyen with the statutorily-required expert report and curriculum vitae. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a). Because she did not, the trial court abused its discretion when it failed to grant Nguyen's

motion to dismiss. An award of reasonable attorney's fees and costs is required when a trial court dismisses a claimant's health care liability claim for failing to serve an expert report; we must therefore remand to the trial court for a determination of the amount of this award. *See Univ. of Tex. Health Sci. Ctr.*, 525 S.W.3d at 784.

## CONCLUSION

Having sustained Nguyen's issues on appeal, we reverse the trial court's order denying his motion to dismiss and render judgment dismissing Lavigne's claims against Nguyen with prejudice. Because Nguyen requested an award of reasonable attorney's fees and court costs, we remand for a determination of the amount of this award.

/s/    Jerry Zimmerer
        Justice

Panel consists of Justices Wise, Zimmerer, and Poissant.