**Affirmed and Memorandum Opinion filed December 19, 2023.**



In The

# Fourteenth Court of Appeals

### NO. 14-22-00625-CV

**JENNIFER LYN GRAY, Appellant**

**V.**

**ROBERT CHRISTIAN IVERSEN, MD, AND RIMA JOFFRION, NP,
Appellees**

**On Appeal from the 190th District Court
Harris County, Texas
Trial Court Cause No. 2020-71087**

## MEMORANDUM OPINION

Jennifer Gray filed a pro se petition against Robert Iversen, a doctor, and Rima Joffrion, a nurse practitioner (collectively, the "Providers"), alleging that they were liable for damages arising out of their medical malpractice. The Providers filed separate answers on the same day, and more than 120 days later, they jointly moved to dismiss Gray's suit because Gray had not served them with a medical expert

report, as required by the Texas Medical Liability Act. The trial court granted the motion to dismiss, and this appeal followed.

We review a trial court's ruling on a motion to dismiss for an abuse of discretion. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001) (applying this standard of review in a case arising under the statutory predecessor of the Texas Medical Liability Act); *Rinkle v. Graf*, 658 S.W.3d 821, 824 (Tex. App.—Houston [14th Dist.] 2022, no pet.) (applying this standard of review in case arising under the Texas Medical Liability Act). Under this standard, we defer to a trial court's factual determinations, but we consider de novo any questions of law. *See Univ. of Tex. Health Sci. Ctr. at Houston v. Joplin*, 525 S.W.3d 772, 776 (Tex. App.—Houston [14th Dist.] 2017, pet. denied).

The Texas Medical Liability Act requires a claimant in a health care liability claim to serve on a defendant a medical expert report no later than 120 days after the date of the defendant's original answer. *See* Tex. Civ. Prac. & Rem. Code § 74.351(a). If the claimant does not serve the report within the specified period, then the trial court must dismiss the claim on the defendant's motion and award the defendant reasonable attorney's fees. *See* Tex. Civ. Prac. & Rem. Code § 74.351(b).

The Providers asserted in their motion to dismiss that Gray had not served them with a medical expert report. In her response, which was styled as a motion to strike, Gray asserted that she had provided "medical, signed documents . . . within the 120 days allotted time." Gray did not attach a copy of these documents to her response, nor did she identify the name of the expert who had allegedly signed them.

In her brief on appeal, which was also filed pro se, Gray alludes to several documents from Ronald Buczek, a doctor. She writes that Dr. Buczek "provided what he thought was needed to fulfill the expert witness report by submitting an affidavit and a short synopsis of Appellant's/Plaintiff's medical condition." Gray has

2

not identified where in the record these documents exist, even though that was her burden. *See* Tex. R. App. P. 38.1(i). Instead, Gray asserts that the trial judge rejected these documents because they were "not to his standards or to the fullest." Again, Gray has not provided any record citations for this assertion. Our record does not even contain a transcript of a hearing before the trial court.

There are at least two sets of documents in the clerks record bearing the name of Dr. Buczek. The first set is a collection of medical records kept in the ordinary course and scope of his business. These records contain comprehensive medical information, such as Gray's vitals, her list of medications, and the treatments and consultations provided by Dr. Buczek. These records are not in the form of a medical expert report. *See* Tex. Civ. Prac. & Rem. Code § 74.351(r)(6) ("'Expert report' means a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed."). They merely establish that Gray visited Dr. Buczek after having already been treated by the Providers.

The other set is an unsworn statement in which Dr. Buczek summarized Gray's injuries and the treatments he provided. This statement is not in the form of a medical expert report either. It does not mention the Providers by name, nor contain any opinion as to whether the Providers deviated from the standard of care.

Because Gray has not shown that she served the Providers with a medical expert report, as required by the Texas Medical Liability Act, we conclude that the trial court did not abuse its discretion by dismissing her case.

Gray suggests in her brief that the trial court should not have dismissed her case because the Providers' motion to dismiss was untimely. But there is no statutory

3

deadline to file a motion to dismiss under the Texas Medical Liability Act. *See Jalaram Med Spa, Inc. v. Durbin*, No. 14-21-00060-CV, 2023 WL 1460539, at \*10 (Tex. App.—Houston [14th Dist.] Feb. 2, 2023, pet. denied) (mem. op.). And there is nothing in the record to suggest that the Providers intentionally waived their right to seek dismissal, considering that they filed their motion to dismiss 123 days after filing their answer—a mere three days after they were eligible to do so. *Cf. Jernigan v. Langley*, 111 S.W.3d 153, 157–58 (Tex. 2003) (per curiam) (concluding that a doctor had not waived his right to seek dismissal, despite waiting more than 600 days after receiving inadequate expert reports).

Gray also suggests that the case should not have been dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, but that premise is faulty. The trial court dismissed the case under the Texas Medical Liability Act, not under the federal rules, which have no application here.

Gray finally suggests that the case should not have been dismissed for the threshold reason that she did not assert a health care liability claim. This argument is not fully explained in Gray's brief, and it is contrary to the record. Gray's pleading was styled as a "motion for medical malpractice," and her claim for damages was largely based on allegations that, following a motor vehicle accident, the Providers improperly stitched her face and finger, and they left shattered glass in her arm. These allegations pertain to "treatment, lack of treatment, or other claimed departure from accepted standards of medical care," which is how a health care liability claim is statutorily defined. *See* Tex. Civ. Prac. & Rem. Code § 74.001(a)(13). Gray even stipulated in another part of her brief that "her claims arose from improper and negligent course of medical attention/treatment." We accordingly conclude that Gray asserted a health care liability claim, and that her suit was subject to dismissal

4

under the Texas Medical Liability Act because she failed to serve the Providers with a medical expert report.

For all of the foregoing reasons, the trial court's order granting the motion to dismiss is affirmed.

/s/    Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Hassan.